# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 2 7 2005

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

MICHAEL MOMENT
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832 - 7906
         Plaintiff,

CASE NUMBER  1:05CV02470

JUDGE: Richard W. Roberts

DECK TYPE: Pro se General Civil

DATE STAMP: 12/27/2005

JURY ACTION

vs.


DISTRICT OF COLUMBIA,
Mayor Anthony Williams
Corporation Counsel of District of Columbia,

      Defendants,

**Facts of the Case**

Mrs. Pearl Reardon is the future mother –in – law of Michael Moment

Miss. Felita Phillips is the daughter of Mrs. Pearl Reardon and the fiancée of Mr.
Moment

Mrs. Nettie Moment is Mr. Moment sister

Mrs. Susie Moment is Mr. Moment's mother

Mr. Russel J. Hairston attorney for Mr. Moment

Detective Donna Wilson, Badge No. D2 -300 of the Metropolitan Police Department

Detective Dejuan Williams, Badge No. D2-202 of the Metropolitan Police Department

Officer Stephen Davis, Police Officer of Metropolitan Police Department

Mr. Timothy W. Lucas, United State Attorney for District of Columbia

Judge Craig Iscoe, Superior Court of District of Columbia,

Judge Frederick Weisberg, Superior Court of District of Columbia

Judge Tim Murphy, Superior Court of the District of Columbia

Mr. Michael Baker, United State Attorney for District of Columbia

Ms. Sharon Nickelberry, Probation Officer

Mr. Charles H. Ramsey, Chief of Metropolitan Police

Mr. Anthony A. Williams, Mayor of District of Columbia

On January 27, 2004, Mrs. Pearl Reardon called the Metropolitan Police Department on a

threat made by Mr. Michael Moment. At 1621hrs. Officer Stephen Davis of the

Metropolitan Police Department responded to 4339 Harrison St. NW Washington DC and

spoke with the complainant Mrs. Pearl Reardon. Officer Davis made a basic incident

report. On March 10, 2004, Mr. Moment received a call from his fiancée Miss. Felita

Phillips that a detective of the Metropolitan Police Department wanted her to come in and

talk with her about the complaint her mother made on January 27, 2004. Miss. Phillips

informed Mr. Moment that her mother said that he had threatened her. Mr. Moment asked

for the detective's number. At which time, Mr. Moment called a Detective Donna

Wilson. Detective Wilson asked Mr. Moment to come in and talk with her. On March 10,

2004, Mr. Moment arrived at 3320 Idaho Ave. NW Washington DC 20016 and met

Detective Wilson. Detective Wilson asked Mr. Moment if he know a Mrs. Pearl Reardon

at which time Mr. Moment stated that he knew the crazy women. At that time Detective

Wilson asked, where you receive your MD. Mr. Moment was taken to an interrogation

room at which time Detective Wilson stated that Mr. Moment was not under arrest, but

would he like to answer some questions? Mr. Moment agreed to answer the questions.

Mr. Moment was given a rights card, at which time Mr. Moment filled out, signed it and

returned back to Detective Wilson when she return to the room. Detective Wilson asked

Mr. Moment what was going on? Mr. Moment explained what was going on an why he

called Mrs. Reardon and what he said to her and that at no time did he threaten her or

anyone else. Mr. Moment told Detective Wilson he has never met Mrs. Reardon. On

April 6, 2004, Mr. Moment called the Metropolitan Police Department to speak with a

sergeant and explained how Detective Wilson was calling him and harassing him. The

3

sergeant stated that he would pass it on to her supervisor. On April 7, 2004, Detective

Wilson called Miss. Phillips and asked her to come in and talk with her again. Mr.

Moment called Detective Wilson and told her she was harassing him and if he has

committed a crime she needs to file the papers. But stop harassing him. On April 8, 2004,

Mr. Moment filed a civil complaint with the Office of Civil Complaint Review, The

Chief of Police, and Internal Affairs. On May 11, 2004, Mr. Moment received a call from

Detective Wilson who told Mr. Moment a warrant had been issued for his arrest. Mr.

Moment and Miss. Phillips went to 301 C Street to pickup the warrant. At that time Mr.

Moment was placed under arrest. Mr. Moment asked what the charge was and an officer

stated felony threats and kidnapping. Mr. Moment spent the night in lockup.  On May 12,

2004; Mr. Moment went before the court. On May 12, 2004, Assistant United States

Attorney Timothy W. Lucas Nolle Prosequi the complaint. After Assistant United States

Attorney offered Mr. Moment to mediation with the victim and Mr. Moment refused the

Assistant United States Attorney at 10:45am using the same affidavit in support of an

arrest warrant Assistant United States Attorney Timothy W. Lucas filed new charges

threats class B misdemeanor. On August 11, 2004, Mr. Moment came before Superior

Court Judge Craig Iscoe at which time the Assistant United States Attorney Mr. Michael

Baker stated that the charges had changed to attempted threats. At no time did Mr.

Moment's attorney argue about the changing of the charges.  It was clear throughout the

trail Mr. Moment's attorney had made a deal with the state with out Mr. Moment's

knowledge. Mr. Moment was found guilty of attempted threats. On August 12, 2004,

Judge Iscoe sentenced Mr. Moment to 90 days E.S.S, 1 year supervised probation, 240

hours of community service, complete anger management class, and stay away from Mrs.

Pearl Reardon and her husband. On September 10, 2004, Mr. Moment filed an appeal in District of Columbia Court of Appeals. On September 10, 2004, Mr. Moment ordered transcripts for his appeal. December 2, 2004, Mr. Moment had begun going to the District Court of Appeals to inquire on the status of his appeal. He would go twice a month to the District Court of Appeals to hear that the file has not been sent up from the lower court. On February 9, 2005, Mr. Moment filed a civil suit against his attorney Mr. Russel J. Hairston. On March 7, 2005, Mr. Moment's probation officers informed Mr. Moment he did not have to report to his court ordered supervised probation. On March 15, 2005, Mr. Moment filed suit on the District of Columbia, C.A. #05ca001888 (1) Attorney General for the District of Columbia (2) Mayor Anthony A. Williams. Within 60 days, Mr. Moment served the District of Columbia pursuant to Federal Rules of Civil Procedure: Rule 5. Service and Filing of Pleadings and Other Papers.

Mr. Moment served the District of Columbia by certified first class mail. (1) On March 18, 2005, at 2:00pm the complaint was delivered and signed at the Attorney General's office for the District of Columbia. (2) On March 21, 2005, at 2:28pm the complaint was delivered and signed at the office of Mayor Anthony A. Williams. On March 28, 2005, Mr. Moment wrote a complaint to Chief Judge Rufus G. King III of the Superior Court for the District of Columbia because Mr. Moment felt he was being setup. On May 5, 2005, Mr. Moment went to trail on Mr. Hairston. At trail, Mr. Hairston stated that Judge Iscoe would come and testify on his behalf then Mr. Hairston agreed to pay a sum to Mr. Moment if he would drop any further litigation against him. On May 14, 2005, Mr. Moment filed an affidavit of service to confirm that the United States Postal Service

delivered/served District of Columbia by registered / certified mail and a letter from a supervisor of the United States Postal Service stating that the return receipts had been misplaced. Mr. Moment was told by a civil clerk to sign and have the affidavit of service notarized. At which time Mr. Moment left and returned at 11:00am with a signed and notarized affidavit of service. Pursuant to Federal Rules of Civil Procedure: Rule 4. Summons. Mr. Moment received notice that his affidavit of service had been rejected and returned on May 16, 2005, at no time had the District of Columbia filed a motion to defend. On May 20, 2005, the Attorney General for District of Columbia sent Mr. Moment a motion to dismiss pursuant to SCR Civil 12(b)(4), 12(b)(6), 4(m), and 41(b). On June 17, 2005 at 9:30am, Mr. Moment came before the Hon. Frederick Weisberg of the Superior Court of the District of Columbia. The attorney for the District of Columbia stated that they had not been served in time and that this case fell up under double jeopardy. Mr. Moment told the judge what had happened with the United States Postal Service and the Civil Clerk. Judge Weisberg told Mr. Moment that he would have to re-serve the District of Columbia again. Judge Weisberg stated that 60 more days would be given. On June 27, 2005, Mr. Moment sent a second set of the complaint by certified first class mail to (1) Attorney General for District of Columbia and was delivered on June 29, 2005, at 5:11pm and (2) Mayor Anthony A. Williams office on June 29, 2005, at 12:57pm. Mr. Moment returned to the Superior Court of the District of Columbia and filed another affidavit of service to the clerk.

On July 20, 2005 Mr. Moment was order to appear before Judge Craig Iscoe for violating has probation.

6

On August 9, 2005, Mr. Moment went back before Judge Iscoe at this time Mr. Moment

asked to have a new judge hear his case because of the statement that was made by Mr.

Hairston May 5, 2005. At that time, Judge Iscoe stated that he was not going to testify at

any trail of Mr. Hairston's and denied to move the hearing. Mr. Moment's probation

officer stated that Mr. Moment failed to abide by the following special conditions: failed

to do 240 hours of community service. The probation officers never provided community

service for Mr. Moment. Mr. Moment told Judge Iscoe that the probation officer ended

his supervised probation with out giving him any community service. Then Judge Iscoe

informed Mr. Moment that a mistake was made on his sentence and that he NUNC PRO

TUNC Mr. Moment's sentence. At no time had Mr. Moment been notified of a mistake

or that his sentence had been amended. Four days before Mr. Moment's sentence was to

end Judge Iscoe states that Mr. Moment has two more year of probation.

On September 1, 2005, Mr. Moment went to the Court of Appeals. The clerk stated that

the file had not been sent up from the lower court. Mr. Moment went to the office of

Appeals Coordinator's Room 3148. The clerk informed Mr. Moment that Judge Craig

Iscoe checked the file out on January 19, 2005, and had not returned the file.

On October 7, 2005, Mr. Moment came back before Judge Weisberg at which time Judge

Weisberg asked the Attorney for the District of Columbia had they filed a motion to

defend. The Attorney for the District of Columbia stated no. Judge Weisberg asked why

7

not? The Attorney for the District of Columbia stated that their office had not received the complaint a second time. Judge Weisberg asked the Attorney for the District of Columbia does Judge Weisberg stated a name work in your office. The Attorney for the District of Columbia stated yes, then Judge Weisberg stated that you need to go and find the complaint. On October 11, 2005, Mr. Moment filed a Motion for Judgment by Default. On October 14, 2005, Judge Weisberg denied Plaintiff's motion. Judge Weisberg states in his order of October 14, 2005, "upon consideration of Plaintiff's motion for default judgment and the court having granted Defendants' motion for additional time to respond to the complaint in open court on October 7, 2005, it is this 14th day of October, 2005, Ordered that Plaintiff's motion for default judgment be, and it hereby is, denied." On November 13, 2005, Mr. Moment filed a Motion to Compel and for Immediate Sanctions for Failure to Answer Complaint. As of filing this complaint in United States District Court, Mr. Moment has not received a ruling from Judge Weisberg on the motion.

On November 14, 2005, Mr. Moment sent Defendants Interrogatories papers.

On December 5, 2005, Mr. Moment filed a second Motion for Default Judgment. As of filing this complaint in United States District Court, Mr. Moment has not received a ruling from Judge Weisberg on the motion.

On December 14, 2005, Mr. Moment filed a Motion to Compel and for Immediate Sanctions for Failure to Answer Interrogatories. As of filing this complaint in United

States District Court, Mr. Moment has not received a ruling from Judge Weisberg on the motion.

As of filing this complaint in United States District Court it is now 283 days and the Defendants have refused to file a notice, motion or affidavit to defend.

## Against the Defendant, Plaintiff alleged:

1. A violation of Mr. Moment's First Amendment.

2. A violation of Mr. Moment's Fourth Amendment.

3. A violation of Mr. Moment's Sixth Amendment

4. A violation of Mr. Moment's Fourteenth Amendment

5. A general violation of Mr. Moment's civil rights caused by Defendant initiation and pursuit of prosecution without probable cause.

6. A conspiracy to commit those federal civil rights violations.

7. False arrest, abuse of process, and malicious prosecution under state tort law.

8. Intentional infliction of emotional distress.

9.  A clam for "declaratory relief."

10. A general due process violation. Against the District of Columbia,

11. Mr. Moment alleged a failure to properly train its officers.

12. Mr. Moment alleged a failure to properly train its officers.

13. Mr. Moment alleged a failure of Internal Investigation.

14. Mr. Moment alleged a failure of Judges uphold there oath that they swear or
    affirm to.

## Violation of United States Code

1.  Title 18, U.S.C., Section 1018 (Official Certificates or Writings).

2.  Title 18, U.S.C., Section 242 (Deprivation of Right under Color of Law).

3.  Title 18, U.S.C., Section 241 (Conspiracy against Rights).

4.  Title 18 Section 3553 (Imposition of a Sentence).

5.  Title 42 Section 1981 (Equal Rights under the Law).

6.  Title 42 Section 1983 (Proceeding in Vindication of Civil Rights).

7.  Title 42 Section 1985 (Conspiracy to interfere with civil rights).

### Violation of Federal Rules of Appellate Procedure

1. Federal Rules of Appellate Procedure; Rule 11 (b) 1, 2 (c) (e) Forwarding the
Record

### Violation of Superior Court Rules

1.  Superior Court Rules; Rule 48 Dismissal

2.  Superior Court Rules; Rule 4-I Use of Summons when Re-prosecuting Offense

3.  Superior Court Rules; Rule110 Place of Preliminary Hearings Including Pretrial
    Detention Hearings.

4.  Superior Court Rules; Rule 12(a) Defenses and Objections

### Violation of Superior Court Rules Civil

1.  Superior Court Rules Civil: Rule 55 (a) (b) 2.

11

2.  Superior Court Rules Civil: Rule 3-421

3.  Superior Court Rules Civil: Rule 16 (b) 1-6 Pretrial Conferences

### Violation of Federal Rules of Criminal Procedure

1.  Federal Rules of Criminal Procedure: Rule 3 the Complaint.

2.  Federal Rules of Criminal Procedure: Rule 4 (b) 1 (c) 3 (a) Arrest Warrant or Summons on a complaint.

3.  Federal Rules of Criminal Procedure: Rule 5 (d) 1,2,4 Initial Appearance.

4.  Federal Rules of Criminal Procedure: 5.1 Preliminary Hearing.

5.  Federal Rules of Criminal Procedure: Rule 23 (c) Jury or Nonjury.

6.  Federal Rules of Criminal Procedure: Rule 32 Sentencing and Judgment.

7.  Federal Rules of Criminal Procedure: Rule 32.1 (c) 1, 2bRevoking or Modifying Probation or Supervised Release.

8.  Federal Rules of Criminal Procedure: Rule 35 (a) Correcting or Reducing a Sentence.

9.  Federal Rules of Criminal Procedure: Rule 36 Clerical Error.

10. Federal Rules of Criminal Procedure: Rule 48 (a) Dismissal.

11. Federal Rules of Criminal Procedure: Rule 44 (a) Right to and Appointment of
    Counsel.

12. Federal Rules of Criminal Procedure: Rule 52 (a) Harmless and Plain Error.

13. Federal Rules of Criminal Procedure: Rule 58 (b) 2 (d) 3 Petty Offenses and
    Other Misdemeanors.

### Violation of Federal Rules of Civil Procedure

1.  Federal Rules of Civil Procedure: Rule 5 (a) (d) Service and Filing of Pleadings
    and Other Papers.

2.  Federal Rules of Civil Procedure: Rule 7(a) (b) Pleadings Allowed; From of
    Motions.

3.  Federal Rules of Civil Procedure: Rule 16 (b) (e) (f) Pretrial Conferences

4.  Federal Rules of Civil Procedure: Rule 4. (b), (c),(j), (i), (m),(n) Summons.

5.  Federal Rules of Civil Procedure: Special Provisions 2(d).

6.  Federal Rules of Civil Procedure: Rule 54 (c) Judgment.

7.  Federal Rule of Civil Procedure: Rule 55 (a) (b) 2, Default

8.  Federal Rule of Civil Procedure: Rule 26 General Provisions Governing
    Discovery.

9.  Federal Rule of Civil Procedure: Rule 33 (a) (b) Interrogatories to Parties.

10. Federal Rule of Civil Procedure: Rule 7 Pleadings Allowed; From of Motions.

11. Federal Rule of Civil Procedure: Rule 37 (a),1, 2,3,4, (b) (c) (d) Failure to Make
    or Cooperate in Discovery.

**Violation of District of Columbia Code and Procedure**

1.  DC ST §22-2405 Chapter 7 False Statements.

2.  DC ST §23-561 Chapter 5 Warrants and Arrests.

3.  DC ST §22-722 Chapter 7 Obstructing Justice and Corrupt Influence.

4.  DC ST §22-1803 Chapter 18 Attempts to Commit Crime.

5.  DC ST §22-1810 Chapter 18 Threatening to Kidnap or Injure a Person or Damage his Property.

6.  DC ST §22-1807 Chapter 18 Punishment for Offenses not Covered by Provisions of Code.

7.  DC ST §22-2402 Chapter 24 Perjury.

8.  DC ST §22-2404 Chapter 24 False Swearing.

9.  DC ST §22-723 Chapter 7 Tampering with Physical Evidence.

10. DC ST §22-407 Chapter 4 Threats to do Bodily Harm.

11. DC ST §23-1902 Chapter 19 Notice to Crime Victims.

12. DC ST §23-562 Chapter 5 Execution and Return.

### Violation of Due Process under U.S.C. Title 18

1. Under: Title 18, U.S.C., Section 1018, Official Certificates or Writings.

When Detective Donna Wilson and Detective Dejuan Williams knowingly wrote false information on government documents. United States Attorney Office for District of Columbia made wrote false information on court documents.

2. Under: Title 18, U.S.C., Section 241, Conspiracy against Rights.

When Detective Donna Wilson, Detective Dejuan Williams, United State Attorney for District of Columbia Mr. Timothy W. Lucas, Superior Court of District of Columbia, Judge Craig Iscoe, Superior Court of District of Columbia, Judge Frederick Weisberg, and Mr. Russell J. Hairston knew that the information was false.

3. Under: Title 18, U.S.C., Section 242, Deprivation of Right under Color of Law.

When Detective Donna Wilson in retaliation against Mr. Moment on April 7, 2004, filled out and swore to an affidavit in support of an arrest warrant. Which states: **[On 1-27-04, C-1 made a report of threats to the Metropolitan Police Department. C-1 reported that S-1 called her on the phone at which time a verbal argument**

ensued. S-1 then threatened C-1 by saying you don't know me; "I'll catch you in an alley one night, and beat you up." C-1 stated that this statement scared her. During the investigation, the affiant learned that C-1's adult daughter, W-1 is engaged to S-1. C-1 report that she is not pleased with W-1 relationship with S-1 because W-1 has only known S-1 for about six months. C-1 report that W-1 does not know enough about S-1 in six months time. C-1 stated that S-1 along with W-1 and W-1's daughter who is eight years old. Went away on a weekend trip out of town and C-1 was unable to locate or make contact with W-1. it was at this time that C-1 was able to locate W-2, who is the adult sister of S-1 in the telephone book after merely searching the telephone book for persons with the same last name as S-1. C-1 then called S-1's sister who reportedly was not pleased when C-1 called W-2. upon learning that C-1 called his sister, W-2, in an effort to locate, W-1, S-1 called C-1 on the phone to express his disapproval. The affiant interviewed S-1 who reported that he did call C-1 on the phone but did not threaten C-1. S-1 did say that he told C-1 he would meet her in an alley because C-1 called W-2, who is his sister. W-1 was interviewed and reported that she was present at C-1's home when S-1 called. W-1 stated that C-1 repeated for her hearing for her, W-1, to realize what S-1 was saying to C-1. W-1 reported that she heard C-1 say, "you're gonna meet me behind some bar one night and beat me up." W-1 then heard C-1 tell S-1 that she does not go to bars. W-1 reported that the conversation clearly rattled C-1 although W-1 could not hear S-1's end of the conversation. On 3/26/04, W-1 identified a single photograph of the defendant as Michael Moment.] And then on April 7, 2004, also swore and

17

signed a warrant that states "On or about January 27, 2004, within the District of Columbia, Michael Moment threaten to injure/kidnap PEARL REARDON.

(Threatening To Injure/Kidnap a Person, in violation of 22 D.C. Code, Section 1810 (2001 ed.)).

  (a) Under (Threatening to Injure/Kidnap a Person, in violation of 22 D.C. Code, Section 1810 (2001 ed.)) this offense is a (Felony)

  (b) No where in the affidavit in support of an arrest warrant states that Mr. Moment had kidnapped Mrs. Reardon.

Then on May 12, 2004, Assistant United State Attorney for the District of Columbia, Timothy W. Lucas dismissal of the complaint and When Mr. Moment refused to mediation. Assistant United State Attorney for the District of Columbia, Timothy W. Lucas changed the offense using the same facts with out notifying Mr. Moment or his attorney from a felony to a misdemeanor.

Then on August 12, 2004, United State Attorney for District of Columbia Mr. Michael Baker changed the offense again using the same facts to attempted threats.

On August 12, 2004, Superior Court Judge Craig Iscoe found Plaintiff guilty of attempted threats. Plaintiff was sentenced to pay $500 fine, 240 hours of community services in 10

mouths, 1year supervised probation, 40hours of anger management, 90days e.ss, stay away from Pearl Reardon and her husband.

> (a) Under DC §22-407. Threats to do bodily harm. Whoever is convicted in the District of threats to do bodily harm shall be fined not more than $500 or imprisoned not more than 6 months, or both, and, in addition thereto, or in lieu thereof, may be required to give bond to keep the peace for a period not exceeding 1 year.

When Judge Iscoe change Mr. Moment sentence 4 days before Mr. Moment would be finished with his sentenced

September 10, 2004, Mr. Moment filed an appeal in District of Columbia Court of Appeals. On September 10, 2004, Mr. Moment ordered transcripts for his appeal. And Mr. Moment received his copy of the transcript on September 20, 2004, the District of Columbia held up Mr. Moment's appeal until September 12, 2005, one year later.

> (a) Under the United States Court of Appeals for the Federal Circuit "Rules of Practice states:

> b) Duties of Reporter and District Clerk.

> (1) Reporter's Duty to Prepare and File a Transcript.
> The reporter must prepare and file a transcript as

follows:

(A) Upon receiving an order for a transcript, the reporter must enter at the foot of the order the date of its receipt and the expected completion date and send a copy, so endorsed, to the circuit clerk.

(B) If the transcript cannot be completed within 30 days of the reporter's receipt of the order, the reporter may request the circuit clerk to grant additional time to complete it. The clerk must note on the docket the action taken and notify the parties.

(C) When a transcript is complete, the reporter must file it with the district clerk and notify the circuit clerk of the filing.

(D) If the reporter fails to file the transcript on time, the circuit clerk must notify the district judge and do whatever else the court of appeals directs.

Mr. Moment went to the office of Appeals Coordinator's Room 3148. The clerk

informed Mr. Moment that Judge Craig Iscoe checked the file out on January 19, 2005,

and had not returned the file. The supervisor had to call Judge Iscoe court room and told

the clerk to bring the record back to her office.

On September 12, 2005, the court sent an order to inform Mr. Moment that the complete

record has been filed with their court, one year later from filing.

## Plaintiff seeks relief Under the United States Code, Title 42, Section 1983,

    (a) Every person who, under color of any statute ordinance, regulation, custom, or

        by usage, of any State or Territory, subjects, or causes to be subjected, any

        citizen of the United States or other person within the jurisdiction thereof to

        the deprivation of any rights, privileges, or immunities secured by the

        Constitution and laws, shall be liable to the party injured in an action at law,

        suit in equity, or other proper proceeding for redress. EVERY PERSON

        SHALL BE LIABLE IN AN ACTION AT LAW SUIT IN EQUITY NO

        EXCLUSION FOR JUDGES BY ANY ACT OF CONGRESS.

(b) If two or more persons conspire for the purpose of depriving any person of

the equal protection of the laws the party so injured or deprived may have an

action for the recovery of damages. RECOVERY OF DAMAGES AGAINST

ANY ONE OR MORE OF THE CONSPIRATORS, NO EXCLUSION FOR

JUDGES BY ANY ACT OF CONGRESS.

(c) Every person who, having knowledge that any of the wrong are about to

be committed, and having power to prevent or aid in preventing the

commission of the same, neglects or refuse so to do shall be liable.

EVERY PERSON SHALL BE LIABLE FOR ALL DAMAGES. NO

EXCLUSION FOR JUDGES BY ANY ACT OF CONGRESS.

Under Title 18, U.S.C., Section 242 Deprivation of Right under Color of Law, the

Plaintiff rights were violated by officers and officials of the District of Columbia.

Detectives of the Metropolitan Police Department,

Ms. Donna Wilson

Ms. Dejuan Williams.

Police Officer of Metropolitan Police Department

Mr. Stephen Davis

United State Attorney for District of Columbia

Mr. Timothy W. Lucas


United State Attorney for District of Columbia

Mr. Michael Baker


Superior Court of District of Columbia,

Judge Craig Iscoe


Superior Court of District of Columbia,

Judge Frederick Weisberg


Superior Court of the District of Columbia

Judge Tim Murphy


Probation Officer,

Ms. Sharon Nickelberry


Chief of Metropolitan Police

Mr. Charles H. Ramsey


Mayor of District of Columbia

Mr. Anthony A. Williams

**RELIEF**

Plaintiff is claiming relief of $150,000,000.00 million dollars for the defendants' actions

constitute a willful and knowing violation and depravation of rights secured by the

Constitution of the United States in violation of 42 U.S.C., Section 1983, specifically, the

rights to be free from excessive and unreasonable action; the depravation of liberty

without due process of law; the right to equal protection of the laws.

Michael Moment Pro Se
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832-7906