UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MOMENT, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. 05-2470 (RWR) |
| THE DISTRICT OF COLUMBIA *et al.*, | ) |
|           Defendants. | ) |

**DEFENDANTS' MOTION TO VACATE DEFAULT AND FOR
LEAVE TO FILE THE ATTACHED VERIFIED ANSWER
IN RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendants District of Columbia, Anthony Williams[1], and Corporation Counsel of the District of Columbia[2] (hereinafter "the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 16(b)(2), 7(b), and 55(c), and LCvR 7(g), hereby move this Honorable Court to vacate the default entered against them, and to allow the District to file the attached Verified Answer as their response to plaintiff's Complaint. A Memorandum of Points and Authorities in support of this Motion is attached hereto.

Pursuant to LCvR 7(m), although the undersigned counsel left messages regarding the subject motion with *pro se* plaintiff, neither consent nor opposition to the relief requested herein was received prior to filing.

---

[1] Plaintiff filed suit against Anthony Williams, Mayor of the District of Columbia. As the Supreme Court specified in *Kentucky v. Graham*, "an official-capacity suit is, in all other respects than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Therefore, Mayor Williams should be dismissed from this action.

[2] It is a well-established rule that agencies and departments within the District of Columbia government can not be sued as separate entities. *See Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) (citations omitted); *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999). The Office of the Attorney General, formerly known as the Office of the Corporation Counsel, is a subordinate agency of the District of Columbia and cannot be sued as a separate entity. *See* D.C. Code § 1-603.01 (2001).

Date:  April 10, 2006					Respectfully submitted,

							GEORGE  C. VALENTINE
							Deputy Attorney General, Civil Litigation Division



							_____/s/_____
							KIMBERLY MATTHEWS JOHNSON
							Chief, General Litigation Section I
							Bar Number 435163



							_____/s/_____
							THERESA A. ROWELL
							Assistant Attorney General
							Bar Number 462523
							Suite 6S050
							441 Fourth Street, N.W.
							Washington, D.C. 20001
							(202) 724-6539
							(202) 727-3625 (fax)
							E-mail:  Theresa.Rowell2@dc.gov


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant District of Columbia's

Motion to Vacate Default was mailed, postage prepaid, on this __10th____ day of April

2006, to:

Michael Moment
P.O. Box 5298
Hyattsville, MD  20782-0298




						By:	_____/s/_____
							THERESA A. ROWELL
							Assistant Corporation Counsel

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL MOMENT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No. 05-2470 (RWR) |
| | ) |
| **THE DISTRICT OF COLUMBIA** | ) |
| *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO VACATE DEFAULT
AND FOR LEAVE TO FILE THE ATTACHED VERIFIED ANSWER
IN RESPONSE TO PLAINTIFF'S COMPLAINT**

*Preliminary Statement*

On March 15, 2005, Plaintiff filed a complaint against the District of Columbia, Mayor Anthony Williams, and the Corporation Counsel of the District of Columbia (hereinafter "the District") in the Superior Court of the District of Columbia, CA 05-1888. *See* Def. Ex. 1, Complaint, 3/15/05. In his complaint, plaintiff alleged, *inter alia,* that his constitutional and civil rights were violated, as a result of events that occurred from January 27, 2004 through August 12, 2004, when plaintiff was convicted of attempted threats. *Id.* Undersigned counsel was assigned this case and in response to the complaint, on November 18, 2005, filed a Motion to Dismiss the Complaint or, in the Alternative, For Summary Judgment. Defendants' motion argued that plaintiff failed to comply with D.C. Code § 12-309 and with the standard set forth in *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 694 (1978). On January 11, 2005, Judge Weisberg of the Superior Court of the District of Columbia agreed with the

3

defendants and dismissed plaintiff's complaint *with prejudice* on all counts. Def. Ex. 2, Order, 1/11/05.

Prior to the dismissal of the complaint in the Superior Court, plaintiff filed the instant lawsuit. Docket #1. Plaintiff alleged the same facts in this action that were averred in the Superior Court lawsuit, namely, *inter alia,* that his constitutional and civil rights were violated, as a result of the events that occurred from January 27, 2004 through August 12, 2004, when plaintiff was convicted of attempted threats. *Id.* Plaintiff filed two affidavits of service: one stating that he mailed a copy of the summons and complaint to undersigned counsel on December 27, 2005; and one stating that he mailed a copy of the summons and complaint to Mayor Anthony Williams. Docket # 2.

Although undersigned counsel received a copy of the complaint by certified mail, it was not effective service on the District, because undersigned counsel is not authorized to accept service on behalf of the District. Moreover, the copy of the summons and complaint sent to the Mayor was forwarded to the Equity Section of the Office of the Attorney General. Once the Office determined that undersigned counsel had litigated plaintiff's complaint in the Superior Court, she was assigned the instant case. Once assigned, undersigned counsel inadvertently failed to calendar the response due date. Due to the press of other cases, and the preparation for trial in *Debra Muldrow v. Anthony Williams,* 03-8191, in the Superior Court of the District of Columbia, and *Dennis Deng v. District of Columbia,* 02-1022, in the United States District Court for the District of Columbia, undersigned counsel inadvertently failed to timely respond to plaintiff's Complaint.

On March 10, 2006, plaintiff requested the Clerk to enter default against the District. Docket #3. Thereafter, on March 13, 2006, the Clerk entered default against the District. Docket #4. Undersigned counsel did not receive a copy of the default until April 4, 2006.

The undersigned counsel's failure to timely respond to plaintiff's Complaint, while regrettable, resulted from excusable neglect, and did not constitute willful disobedience of any order or rule of this Court. Moreover, the delay resulting from defendants' failure to timely respond has not prejudiced plaintiff, and defendants have viable defenses to plaintiff's allegations.

*Argument*

Rule 55(c) of the Federal Rules of Civil Procedure permits this Court to set aside an "entry of default" upon a showing of "good cause." It is long settled that Fed. R. Civ. P. 55(c) should be given a liberal construction. *Barber v. Turberville,* 218 F.2d 34, 36 (D.C. Cir. 1954). Any doubts as to whether relief should be granted from a default are to be resolved in favor of granting such relief. *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995); *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980); *Asia N.A.M. Eastbound Rate Agreement v. BJI Industries Inc.*, 900 F. Supp. 507, 511 (D.D.C. 1995) *supplemented on other gds.,* 923 F.Supp. 4 (D.D.C. 1996).[3]

---

[3] It should be noted that Fed. R. Civ. P. 55(e) provides that no judgment of default shall be entered against the United States or any officer or agency thereof unless the claimant establishes a claim or right to relief "by evidence satisfactory to the court." For purposes of this motion, the District of Columbia should be afforded the same treatment as the United States, as the District is the jurisdiction in which this Court sits and the taxpayers of this jurisdiction would, ultimately, bear the responsibility of any default entered against the defendants. Plaintiff has provided no evidence to establish its right to relief, and, for this reason alone, entry of default is unwarranted.

"Default judgments are strongly disfavored when there is a reasonable expectation that the action may be decided on the merits." *Ali v. Mid-Atlantic Settlement Services*, 2006 U.S. Dist. LEXIS 13305, 11 (D.D.C. Mar. 10, 2006).  Indeed, default judgments are seen as available "only when the adversary process has been halted because of an essentially unresponsive party." *Id*.  This is in keeping with this Circuit's "strong policies favoring the resolution of genuine disputes on their merits . . . ." *Jackson*, 636 F.2d at 835. *See also Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F.Supp.2d 22, 25 (D.D.C. 2003) ("Default judgments are generally disfavored by courts, because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice.") (*citing Jackson*).

To determine good cause, a court should consider three criteria: (1) whether the default was willful, (2) whether a set-aside would prejudice plaintiff, and (3) whether the defendant has presented a meritorious defense. *Whelan*, 48 F.3d at 1259; *Jackson*, 636 F.2d at 836.

I.     **The Default was not Willful**

The District's failure to respond to the Complaint is akin to a negligent filing error.  The district courts of the District of Columbia have held that the "boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  *Flynn v. Pulaski Construction Company,* 2006 U.S. Dist. LEXIS 1680, 22 (D.D.C. January 6, 2006) (*citing Int'l Painters,* 288 F. Supp. 2d at 26, (citations omitted)).

6

Undersigned counsel was assigned this case after it was determined that she handled the same case in the Superior Court. Unfortunately, undersigned counsel inadvertently failed to calendar the response due date. Due to the press of other cases, and the preparation for trial in *Debra Muldrow v. Anthony Williams,* 03-8191, in the Superior Court of the District of Columbia, and *Dennis Deng v. District of Columbia,* 02-1022, in the United States District Court for the District of Columbia, undersigned counsel inadvertently failed to timely respond to plaintiff's Complaint. The District's failure to respond was the result of an inadvertent calendaring error and not a deliberate decision to default. Thus, the entry of default should be vacated.

## II.     **Plaintiff will not be prejudiced**

Plaintiff will not be prejudiced by vacating the default, because there is only a minor delay in the proceedings and no additional costs incurred by plaintiff. A delay in receiving recovery and the expense of litigation is insufficient to demonstrate prejudice. *Flynn v. Pulaski,* 2006 U.S. Dist. LEXIS 1680, 26 (D.D.C. January 6, 2006). Minor delay, alone, does not constitute prejudice. *Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 393–94 (D.D.C. 2005) (*citing, inter alia, Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 374 (D.C. Cir. 1980) (the fact that "setting aside the default would delay satisfaction of plaintiffs' claims, should plaintiffs succeed at trial, is insufficient to require affirmance of the denial")).

Here, the District's answer was due January 17, 2006. *See* Docket #2. Granting the District's motion to vacate the default and respond to the complaint will only delay the proceedings briefly. In fact, the District would have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) in response to plaintiff's complaint, and intends to now

file a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c)[4], because the Superior Court has already disposed of plaintiff's complaint. *See* Section III, *infra*. Moreover, plaintiff has already incurred the cost of filing the initial Complaint, a cost that he would have incurred in any event, and any additional costs would have been minimal. Plaintiff will suffer no prejudice here and the entry of default should be vacated.

### III. The District has meritorious defenses

The District has a defense that will constitute a complete defense to plaintiff's complaint, if proven. "Defendant's are not required to prove a defense when moving to set aside a default judgment, but rather must make allegations that contain a legally sound suggestion which, if proven at trial, would constitute a complete defense." *Flynn v. Pulaski,* 2006 U.S. Dist. LEXIS 1680, 28-29 (D.D.C. January 6, 2006) (citing *Int'l Painters,* 288 F. Supp. 2d at 28.) As this Circuit has held, "Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense . . . ." *Capital Yacht*, 228 F.R.D. at 394 (*quoting Keegel,* 627 F.2d at 374). Even "somewhat broad and conclusory" allegations are sufficient to meet the meritorious defense criterion. *Id*.

The District contends that plaintiff's complaint is precluded on the basis of *res judicata*. According to the Supreme Court, the rule of *res judicata*:

> provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter *which might have been offered for that purpose."* The judgment puts an end to the cause of action, which cannot be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

---

[4] Defendants have filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment contemporaneously with the Motion to Vacate.

8

*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876) (cited in *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578-79 (1974). *See also* Wright, Miller & Cooper Federal Practice and Procedure: Jurisdiction § 4406 at 45 (1981).

Here, plaintiff's lawsuit filed in the Superior Court of the District of Columbia and the instant lawsuit involve the same two parties -- plaintiff and the District of Columbia, Mayor Anthony Williams, and Corporation Counsel of the District of Columbia -- and both cases arise out of identical factual allegations. *Cf.* Def. Ex. 1 to Complaint. Furthermore, Judge Weisberg, in the Superior Court action, reached a final adjudication on the merits. As such, the District has a viable defense that will dispose of plaintiff's complaint entirely.

### IV.    Conclusion

Defendants acknowledge that they failed to timely answer the plaintiff's Complaint. However, the District's error was the result of excusable neglect. While regrettable, this error was not willful and plaintiff has not been prejudiced by this brief delay nor will it be prejudiced by granting the relief sought in this motion.

For the reasons set-forth above, and in accordance with the strong judicial preference for the resolution of legal disputes on the merits, the defendants respectfully request that this Honorable Court enter an order pursuant to Fed. R. Civ. P. 6(b)(2) and 55(c), to vacate the entry of default and to accept the attached verified answer as the District response to plaintiff's complaint.

Date:  April 10, 2006				Respectfully submitted,

						GEORGE  C. VALENTINE
						Deputy Attorney General, Civil Litigation Division


						_____/s/_____
						KIMBERLY MATTHEWS JOHNSON
						Chief, General Litigation Section I
						Bar Number 435163



						_____/s/_____
						THERESA A. ROWELL
						Assistant Attorney General
						Bar Number 462523
						Suite 6S050
						441 Fourth Street, N.W.
						Washington, D.C. 20001
						(202) 724-6539
						(202) 727-3625 (fax)
						E-mail:  Theresa.Rowell2@dc.gov