UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL MOMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2470 (RWR) |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants District of Columbia, Anthony Williams[1], and Corporation Counsel of the District of Columbia[2] (hereinafter "the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(c) and 56(b), hereby move this Honorable Court to dismiss plaintiff's complaint, or, in the alternative, grant summary judgment on all claims. As grounds therefore, the District states that plaintiff's complaint is precluded on the basis of *res judicata*. A Memorandum of Points and Authorities in support of this Motion is attached hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

---

[1] Plaintiff filed suit against Anthony Williams, Mayor of the District of Columbia. As the Supreme Court specified in *Kentucky v. Graham*, "an official-capacity suit is, in all other respects than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Therefore, Mayor Williams should be dismissed from this action.

[2] It is a well-established rule that agencies and departments within the District of Columbia government can not be sued as separate entities. *See Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) (citations omitted); *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999). The Office of the Attorney General, formerly known as the Office of the Corporation Counsel, is a subordinate agency of the District of Columbia and cannot be sued *See* D.C. Code § 1-603.01 (2001).

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163


_____/s/_____
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
Suite 6S050
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail:  Theresa.Rowell2@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant District of Columbia's

Motion to Dismiss or, in the alternative, Motion for Summary Judgment was mailed,

postage prepaid, on this _10th__ day of April 2006, to:

    Michael Moment
    P.O. Box 5298
    Hyattsville, MD  20782-0298



            By:     _____/s/_____
                    THERESA A. ROWELL
                    Assistant Corporation Counsel

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL MOMENT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-2470 (RWR)** |
| | ) | |
| **THE DISTRICT OF COLUMBIA** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

*Preliminary Statement*

On March 15, 2005, plaintiff filed a complaint ("Moment I") against the District of Columbia, Mayor Anthony Williams, and Corporation Counsel of District of Columbia (hereinafter "the District") in the Superior Court of the District of Columbia, CA 05-1888, for violating his constitutional rights under the 4th, 5th, 6th, and 14th amendments, as well as Title 18, U.S.C. §§ 28, 241, 242, 1018, and Title 28 and 42 § 1983. *See* Def. Ex. 1, Complaint, 3/15/05. Plaintiff recites facts with respect to an incident that first began on January 27, 2004 and ultimately ended up with his arrest and conviction on August 12, 2004 of attempted threats. As a result of theses events, plaintiff contends his constitutional and civil rights were violated. *Id.,* Statement of Facts, p. 2.

On November 18, 2005, the District filed a Motion to Dismiss the Complaint or, in the Alternative, For Summary Judgment. The District argued that plaintiff failed to comply with D.C. Code § 12-309 and with the standard set forth in *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 694 (1978). On January 11, 2005,

Judge Weisberg of the Superior Court of the District of Columbia agreed with the District and dismissed plaintiff's complaint **_with prejudice_** on all counts.  Def. Ex. 2, Sup. Ct. Order, 1/11/05.

On December 27, 2005, plaintiff filed the instant lawsuit ("Moment II") against the District in the United States District Court for the District of Columbia.  Plaintiff alleges a host of violations, including:  violations of First, Fourth, Sixth, and Fourteenth Amendments, as well as a general violation of his civil rights and due process rights; common law claims of conspiracy, false arrest, abuse of process, malicious prosecution, and intentional infliction of emotional distress; and a list of federal and state code violations.  *See* Complaint, generally.

Plaintiff's underlying facts in the instant lawsuit are the same exact facts that he recited in his lawsuit filed in the Superior Court of the District of Columbia.  Specifically, he against recites facts that his rights were violated due to an incident that first began on January 27, 2004, and ultimately ended up in his arrest and conviction on August 12, 2004 of attempted threats.  *Cf.* Def. Ex. 1 to Complaint.  Moreover, plaintiff's claims of a violation of his 4th, 5th, 6th, and 14th Amendments, Title 18 U.S.C. §§ 241, 242, 1018, Title 28 and 42 § 1983, and common laws claims of false arrest and retaliation are claims he alleges in the instant suit.  As such, plaintiff's complaint should be dismissed as to these claims, because he is barred by the doctrine of *res judicata*.  Moreover, plaintiff's remaining claims – 1st Amendment violation, abuse of process, malicious prosecution, intentional infliction of emotional distress, failure to properly train its officers, failure of internal investigation, and the various statutory violations – should also be dismissed,

because these claims are also barred by the doctrine of *res judicata,* because plaintiff could have brought these claims under his first suit.

### Standard of Review

A party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). The same standards apply for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 24 (D.D.C. 2001) (*citing w Moore's Federal Practice 3d* § 12.38, 12-101.) Defendant is entitled to judgment on the pleadings if it "appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45 (1957). The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* Rather, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

If matters outside of the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in

Rule 56. Fed. R. Civ. P. 12(b).  Summary judgment must be awarded where "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). Summary judgment is not a disfavored procedural shortcut, but rather it is an integral part of the civil rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the absence of genuine issues of material fact, and the party need not negate the allegations of the complaint with affidavits or other evidence.  *Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195 (D.C. 1991) (citing *Celotex, supra* 477 U.S. at 323.)  Instead, the moving party may rely upon an absence of proof concerning *essential elements* of the plaintiff's claim.  *Beard,* 587 A.2d at 198 (*emphasis added*).  Once the movant has demonstrated that there is no genuine issue of material fact, the burden shifts to the non-moving party to come forward with specific evidence showing that genuine issues of material fact exist.  *Id.*

The existence of some factual dispute will not defeat a motion for summary judgment – rather there must be a "genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  The evidence must be more than colorable and significantly probative or summary judgment is the appropriate remedy.  *Id.* at 294-50. The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to defeat a motion for summary judgment.  *Graff v. Malawar,* 592 A.2d 1038,

1041 (D.C. 1991).

Even making all reasonable inferences in the plaintiff's favor, the plaintiff cannot state a recoverable claim against the District. Thus, plaintiff's complaint should be dismissed.

*Argument*

### I.    THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COMPLAINT HAS ALREADY BEEN LITIGATED IN THE DISTRICT OF COLUMBIA SUPERIOR COURT

Under the doctrine of *res judicata* and the closely related principle of claim preclusion, the plaintiff's lawsuit must be dismissed. According to the Supreme Court, the rule of *res judicata*:

> provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter *which might have been offered for that purpose.*" The judgment puts an end to the cause of action, which cannot be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876) (cited in *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578-79 (1974). *See also* Wright, Miller & Cooper Federal Practice and Procedure: Jurisdiction § 4406 at 45 (1981).

Here, plaintiff's lawsuit filed in the Superior Court of the District of Columbia, Moment I, and the instant lawsuit, Moment II, involve the same two parties -- plaintiff and the District of Columbia, Mayor Anthony Williams, and Corporation Counsel of the District of Columbia -- and both cases arise out of identical factual allegations.

Furthermore, Moment I reached a final adjudication on the merits. As such, plaintiff's complaint in this instant matter is precluded under the doctrine of *res judicata*.

### A. Moment I Involved the Same Parties and the Same Factual Allegations as Moment II

A claim is precluded by a prior "final judgment" if the judgment: (1) involved the same parties; and (2) derived from the same "transaction, or series of connected transactions, out of which the [subsequent] action arose." Restatement Second of Judgments, 1981 § 24 (cited in Wright, Miller & Cooper Federal Practice and Procedure: Jurisdiction § 4407 at 55).

Here, it cannot be disputed that Moment I and Moment II involve the same parties. Mr. Michael Moment is the plaintiff in each action. The District of Columbia, Mayor Anthony Williams, and Corporation Counsel of District of Columbia are the defendants in each action.

Furthermore, Moment I and Moment II both arise out of the same operational set of facts. Whether two factual scenarios constitute the same transaction is "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement Second of Judgments, 1981 § 24 (cited in Wright, Miller & Cooper Federal Practice and Procedure: Jurisdiction § 4407 at 55).

Plaintiff in this action is claiming a right to recovery under the same factual scenario he set forth in Moment I. In Moment I, he recites facts that began on January 27, 2004, up through August 12, 2004, when plaintiff was found guilty of attempted threats. Def. Ex. 1, Complaint, Statement of Facts, pp 2-3. These are the same facts in

the instant complaint, where he again begins with January 27, 2004, and ends on August 12, 2004, where he is found guilty of attempted threats. *Cf.* Moment I and Moment II, Statement of Facts. In both instances, the underlying events that transpired between January 27, 2004 and August 12, 2004 resulted in his conviction, which he claims in both complaints violated his constitutional and civil rights.

Plaintiff's remaining facts in Moment II deal with the subsequent events that occurred after plaintiff was convicted of attempted threats. Plaintiff only filed the instant complaint out of frustration with his perceived notion that the Superior Court was not being responsive to his claim, and not because he had a separate cause of action from his original complaint. Indeed, he concedes in his complaint that "On March 15, 2005, [plaintiff] filed suit on the District of Columbia, #05ca001888 (1) Attorney General for the District of Columbia (2) Mayor Anthony A. Williams," *which has yet to be resolved*. Complaint, pp. 5-9 (emphasis added). Plaintiff further goes into great detail about the events that transpired after his conviction, including his attempts to appeal the conviction, the procedures he went through after filing the civil suit in Superior Court (Moment I), and even the civil suit plaintiff filed against his attorney. *Id.*

Thus, it is clear that plaintiff's claim in the instant case arises out of the same transaction or occurrence as that alleged in Moment I, as well as includes the same parties involved in Moment I.

### B.  Moment I Resulted in a Final Judgment on the Merits of the Case

Pursuant to applicable statutes and case law, the Superior Court's decision was a final judgment.  "To be final, . . . an order 'must "dispose[] of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered."'"  *Dyer v. William S. Bergman & Assocs.*, 635 A.2d 1285, 1287 (D.C. 1993) (quoting *Trilon Plaza Co. v. Allstate Leasing Co.,* 399 A.2d 34, 36 (D.C. 1979)); *see also Royal Ins. Co. of Am. v. Kirksville College of Osteopathic Med.*, 304 F.3d 804, 808 (8th Cir. 2002) (holding that "[claim] preclusion seems warranted so long as the court clearly intended to terminate all proceedings as to the claims or parties involved and no attempt to appeal was thwarted.")

Here, the Superior Court's dismissal of Moment constituted a "final judgment" on the merits of the case.  *See Group Health Association, Inc v. District of Columbia General Hospital*, 540 A.2d 1104, 1106 (holding a dismissal based on section 12-309 was a final adjudication on the merits).  Judge Weisberg of the Superior Court dismissed plaintiff's complaint **with prejudice**, "for failure to satisfy D.C. Code § 12-309 as to Plaintiff's non-constitutional claims and, as to his constitutional claims, pursuant to *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 694 (1978).  Def. Ex. 1, Order of Judge Weisberg, 1/11/05.  The Judge's order disposed of the entire case on the merits, and precluded plaintiff from re-filing the action, by dismissing the complaint with prejudice.

**C. Plaintiff's Reliance on Different Bases than that of the Previous Suit is Immaterial to Res Judicata, Because the Plaintiff Could Have Brought his Additional Constitutional and Common Law Claims in the First Suit**

Since plaintiff's remaining claims arise out of the same action, they, too, must be dismissed. The doctrine of *res judicata* bars any subsequent action arising out of the same set of operative facts as the first action. It is immaterial which specific statutory causes of action were pled in the original complaint. Instead, a prior judgment on the merits of a case "'estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which *might have been* presented.'" *Johnson v. Capital City Mortgage Corp.*, 723 A.2d 852 (D.C. 1999) (emphasis added), (quoting *Carr v. Rose*, 701 A.2d 1065, 1070 (D.C. 1997)). The test is not whether the plaintiff actually litigated every issue that could have been raised, but that the plaintiff had a full and fair opportunity to so litigate. The Eleventh Circuit Court of Appeals has explained the test for whether a second lawsuit is precluded by a prior judgment:

> Claims are part of the same "cause of action" when they "arise out of the same transaction or series of transactions." Under the current analysis we make a fact-based inquiry into whether the cases are based on the same factual predicate or came from the same nucleus of operative fact. If they did, they are the "same" for the purposes of res judicata. Id. The doctrine is concerned with the substance, and not the form, of the proceedings. Id. "It is now said, in general, that *if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.*" Id. (citation [**13] omitted). Thus, we look to the factual issues that must be resolved by the litigation and ask whether those facts arise out of the same transaction or series thereof. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999). *In so doing we ask whether the plaintiff could, or rather should, have brought the second claim with the first lawsuit.* Id.

*Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1270 (11th Cir. 2002) (emphasis added).

Here, plaintiff could have included his additional constitutional claims -- 1st Amendment violation – and common law claims -- abuse of process, malicious prosecution, intentional infliction of emotional distress, and the various statutory violations -- in the first suit.  The District of Columbia Superior Court is a court of general jurisdiction; it has the power to hear any cases arising in the District of Columbia, unless the statutory cause of action specifies that the federal courts are to have exclusive jurisdiction. *Slater v. Biehl*, 793 A.2d 1268, 1271 (D.C. 2002); *see King v. Kidd*, 640 A.2d 656, 659 (D.C. 1993).

Alternatively, if plaintiff thought that it would be more advantageous to file his constitutional and common law claims in *federal* court, he could have filed Moment I in the D.C. District Court.  Because such an action would have invoked federal question jurisdiction, the District Court would have had the authority to assert pendent jurisdiction over the plaintiff's common law claims.  Either way, the plaintiff had a full and fair opportunity to bring all of his claims in Moment I.  Because the Superior Court dismissed Moment I with prejudice on the merits, plaintiff's suit in this Court is barred under the doctrine of *res judicata*.

## II.    CONCLUSION

Plaintiff's attempt to litigate the same cause of action in this Court is barred by the doctrine of *res judicata*.  For the reasons set-forth above, the District respectfully moves this Honorable Court to dismiss the plaintiff's complaint, with prejudice, against the Defendants.

Date:  April 10, 2006                Respectfully submitted,

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163


_____/s/_____
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
Suite 6S050
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail:  Theresa.Rowell2@dc.gov