**RECEIVED**

APR 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL MOMENT
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832 - 7906
    Plaintiff,

                        Civil Action No. 1:05CV02470 R.W.R.

vs.

DISTRICT OF COLUMBIA,
Mayor Anthony Williams
Corporation Counsel of District of Columbia,

    Defendants,

1

## MOTION TO DENY DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Michael Moment, moves the court to Oppose Defendant's Motion to Dismiss, for the reasons which follow:

1. The Defendant's attorneys are professional and should know the Rules of Procedures. This is the same tactic the Defendant's attorneys use in the Superior Court of the District of Columbia

2. Every violation that Plaintiff has claim in his complaint filed on December 27, 2005, against the District of Columbia. Plaintiff will show evidence to support each of the claim stated.

3. The Defendant's are attempting to use other cases merits to justify their reasons. The Plaintiff's complaint should stand on its on merits

4. In the Defendant's Motion for Judgment on Pleadings or in the Alternative, for Summary Judgment the attorneys are attempting to mislead the court.

    a.) On March 15, 2005, Plaintiff filed a complaint in the Superior Court of the District of Columbia.

    b.) On May 14, 2005, at 11:00 am, Plaintiff filed an affidavit of service by registered/certified mail with the clerk of the Superior Court of the District of Columbia.

c.) On May 17, 2005, a rejection sheet stated that Plaintiff cannot personally effect service. Proof of service must be original return receipt attached to affidavit.

d.) On May 23, 2005, Plaintiff sent a letter to Chief Judge Rufus G. King III, Superior Court for the District of Columbia

e.) On June 15, 2005, Plaintiff received a letter from a Ms. Deborah Taylor-Godwin Director, Civil Division for the Superior Court for the District of Columbia

f.) On June 17, 2005, Plaintiff came before Hon. Judge Frederick Weisberg of the Superior Court for the District of Columbia for initial conference on the District of Columbia. At this time, Judge Weisberg informed the attorney for the District of Columbia that an answer to the complaint was not filed. At this time, the attorney for the District of Columbia stated that the Plaintiff's complaint had not been served in time and that this would fall under the double jeopardy rule. After Plaintiff explained that the error was not with him but the Civil Division for the Superior Court for the District of Columbia, Judge Weisberg ordered that the Plaintiff to resend the complaint. All parties were to come back before him on October 7, 2005.

g.) On June 27, 2005, Plaintiff resent a second set of the complaint by certified first class mail to (1) Attorney General for District of Columbia and was delivered on June 29, 2005, at 5:11pm and (2) Mayor Anthony A. Williams office on June 29, 2005, at 12:57pm. Plaintiff returned to the

Superior Court of the District of Columbia and filed another affidavit of service to the clerk.

h.) On October 7, 2005, Plaintiff came back before Judge Weisberg. At which time, Judge Weisberg asked the Attorney for the District of Columbia if they had filed a motion to defend. The Attorney for the District of Columbia stated no, then Judge Weisberg asked why not. The Attorney for the District of Columbia stated that their office had not received the second complaint. At this time, Judge Weisberg asked the attorney who is Judge Weisberg read someone name (can not recall the name he said) and do she work in their office. The attorney said that she worked in their office. Judge Weisberg then told the attorney, he needs to go and find the complaint. Judge Weisberg then asked Mrs. Reardon's attorney something who stated I thought you were going to dismiss this case on the double jeopardy rule. Judge Weisberg then asked him why he would think that. At this time, Plaintiff knew that he would not be receiving a fair hearing on his case in this court.

i.) On October 11, 2005, Plaintiff filed a Motion for Judgment by Default. On October 14, 2005, Judge Weisberg denied Plaintiff's motion stating that he granted Defendant's motion for additional time to respond to the complaint in open court on October 7, 2005. At no time on October 7, 2005, did the Defendants ask or motion for additional time. Judge Weisberg just told the attorney to go and find the complaint. On October

    7, 2005, was the last time Plaintiff was in the Superior Court for the District of Columbia.

5. On November 7, 2005, Plaintiff made a formal complaint to Chief Judge Rufus G. King III of Superior Court for the District of Columbia asked for an investigation to be conducted on why Plaintiff's rights are being violation in the Superior Court of the District of Columbia's court system.

6. On December 12, 2005, Plaintiff filed a complaint with the office of Commission on Judicial Disabilities and Tenure on Judge Weisberg for violation of Plaintiff's rights.

7. On December 20, 2005, Plaintiff's civil complaint had been transferred from Judge Frederick H. Weisberg of the Superior Court of the District of Columbia to the Hon. Judge Judith E. Retchin of the Superior Court of the District of Columbia. Plaintiff was not notified that his case had been transferred to a new judge. Plaintiff found out on February 1, 2006 at 11:55 by the clerk of the Superior Court of the District of Columbia

8. On December 27, 2005, Plaintiff filed his complaint in the United States District Court against the District of Columbia.

9. In Plaintiff's complaint he stated the action of Judge Frederick H. Weisberg of the Superior Court of the District of Columbia.

10. On December 28, 2005, the District of Columbia received the complaint which was filed in United States District Court.

11. On January 11, 2005, an order was granted and signed by Judge Weisberg to dismiss with prejudice a complaint.

    a.) before January 11, 2005, Plaintiff had no civil action against the District of Columbia.

    b.) In the Motions Plaintiff filed with Superior Court of the District of Columbia 4 were dismissed on January 11, 2005, before Plaintiff filed his complaint on March 15, 2005, in the Superior Court of the District of Columbia. And on one the Plaintiff's Motion is denied with out any Judge's signatue.

    c.) Even if the years are an error, Judge Weisberg had no jurisdiction over Plaintiff's case because the case had been transferred from his jurisdiction on December 20, 2005, to the jurisdiction of Hon. Judge Judith E. Retchin of the Superior Court of the District of Columbia.

    d.) And to this day the Defendant's have not obeyed the order to respond to the complaint as order by Judge Weisberg on October 7, 2005.

12. Now the attorney for the Defendants is trying to mislead this court by saying that this case has been decided on its merits. When they know fully that this case had never went past the order of Judge Weinberg for the Defendant's to respond to the complaint.

### ARGUMENT

Plaintiff would like the court to look at the motion the attorney for the Defendants has filed with this court. Just by the Defendants filing this court document has shown several of Plaintiff's allegations.

6

1. The Defendants first Ex. has been altered to miss leaded this court.

    a.) this is not the complaint sent to the Defendants on October 7, 2005.

    b.) If the court would look at the date and year that the clerk stamp it is March 15, 2005, and the stamps that the Attorney General Office and the Secretary of D.C. received the complaint some 4 months and 16 days in July, 2005,

    c.) Not only were parts of this complaint cut and paste from other court document sent to the Defendants. But this is not the complaint sent to the Defendants on March 15, 2005. if the court would look at the certificate of service which has a date of June 27, 2005, this is the second time the attorneys for the Defendants have use this tactic in the Superior Court of the District of Columbia.

The attorney for the Defendants has filed with the court an order from Judge Weisberg of the Superior Court of the District of Columbia as one of there Exhibits. In this order, the court will see that Judge Weisberg wrote in his on hand writing that he was dismiss the Plaintiff's case for failure to satisfy DC code § 12-309 but on April 19, 2005, had denied the Defendant Motion to Dismiss. Now after Plaintiff's case had been transferred from Judge Weisberg, and he had no jurisdiction over Plaintiff's case he dismiss the Plaintiff's case use the same motion he denied on April 19, 2005, after he was informed that Plaintiff made some complaint on him.

The attorney states that Mayor Anthony Williams should be dismiss from this action. The attorneys state a case Kentucky v. Graham.

   a) Kentucky is an State

    b) The District of Columbia is a municipal corporation as Chief Justice stated in the Bank of Alexandria v. Dryer, 39 U.S. 14 Pet. 141, 146 [10: 391] and Mayor Anthony Williams is the over seer of this corporation. And when the over seer has been notified that some of its employers are violating person outside of the corporation rights and he dose nothing about it. But now asks for immunity.

Under Civil Rights Act of 1871 which is found in Title 42 U.S.C. section 1983 it provides that anyone who, under color of state or local law, causes a person to be deprived of rights guaranteed by the U.S. Constitution, or federal law, is liable to that person.

Plaintiff's evidence will show with out a doubt that the District of Columbia willfully violated Plaintiff's rights.

However it is not inconceivable that Plaintiff (Mr. Moment) is unschooled in writing and framing legal documents, Mr. Moment may have failed to address some aspect of this matter which the Court may consider relevant to a disposition in his favor. Wherefore Mr. Moment moves the Court to Order oral argument on the merits of has case and to make any statement, question, answer or unanswered made in this case are motion clear an eventuality where the Court may perceive any possibility of any question unanswered on the record which may tend to cast any doubt on the existence of Mr. Moment claim.

And for the reason set-forth above, the Plaintiff respectfully moves this Honorable Court to deny Defendants Motion for Judgment on the Pleadings or in the Alternative, for Summary Judgment. And order a merit hearing.

*(signature)*
Michael Moment Pro Se
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832-7906

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2006, a copy of the foregoing was sent, by first class mail, postage prepaid, to the Attorney General for the District of Columbia at 441 4th Street, NW Washington, DC 20001 and to Mayor Anthony A. Williams at 1356 Pennsylvania Ave., NW Washington, DC 20004.

*(signature)*
Michael Moment