| Case Number | Status | Judge |
|---|---|---|
| 2005 CA 001888 B | Closed | RETCHIN, JUDITH E |

| In The Matter Of | | Action |
|---|---|---|
| MOMENT, MICHAEL Vs. DC MAYOR ANTHONY WILLIAMS | | Complaint for Malicious Prosecution Filed |

| Party | | Attorneys |
|---|---|---|
| MOMENT, MICHAEL | PLNTF | PRO SE |
| DC MAYOR ANTHONY WILLIAMS | DFNDT | ROWELL, Ms THERESA A |

| Opened | Disposed | Case Type |
|---|---|---|
| 03/08/2005 | Order Granting Motion to Dismiss Entered on Dkt | Civil II |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 03/08/05 | Complaint for malicious prosecution<br><br>TDMS TYPE: CAC<br>TDMS EVENT: 9101C13<br><br>CREATED BY/ON: #485 Cox, Kin 03-15-2005<br>LAST MODIFIED BY/ON: #468 Vaughn, 03-16-2005 | 0.00 | 0.00 |
| 2 | 05/19/05 | Motion to Dismiss Filed pursuant to SCR Civil 12(b)(4), 12(b)(6), 4(m), and 41(b).<br>Attorney: ROWELL, Ms THERESA A (462523)<br>DC MAYOR ANTHONY WILLIAMS (Defendant);<br>1 | 20.00<br><br><br><br><br>20.00 | 0.00 |
| 3 | 06/17/05 | Initial SCHEDULING conference @ 9:30am<br>FSDATE: 20050617ss<br><br>TDMS TYPE: EVT<br>TDMS EVENT: 0296b2N<br>TDMS FLAG: ss<br><br>CREATED BY/ON: #485 Cox, Kin 03-15-2005<br>LAST MODIFIED BY/ON: #485 Cox, Kin 03-15-2005 | 0.00 | 0.00 |
| 4 | 06/17/05 | Event Resulted:<br>The following event: Scheduling Conference Hearing scheduled for 06/17/2005 at 9:30 am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing Held. Court quashes service on defendant. Plaintiff has (30) thirty days from today to re-serve plaintiff. | 0.00 | 0.00 |

RECEIVED
APR 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
Date: 02/01/2006                          Docket Sheet                        Page: 2
CRTR5925                                    Summary
```

2005 CA 001888 B    MOMENT, MICHAEL  Vs. DC MAYOR ANTHONY WILLIAMS

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 5 | 06/24/05 | Notice Mailed<br><br>Notice Of Hearing<br>Sent on: 06/24/2005  15:08:11 | 0.00 | 0.00 |
| 6 | 06/24/05 | Event Scheduled<br>Event: Scheduling Conference Hearing<br>Date: 10/07/2005    Time: 9:30 am<br>Judge: WEISBERG, FREDERICK H.   Location:<br>Courtroom 318<br><br>Result: Scheduling Conference Hearing Held | 0.00 | 0.00 |
| 7 | 07/08/05 | Affidavit of Service of Summons &<br>Complaint on 6/29/05<br>DC MAYOR ANTHONY WILLIAMS (Defendant); | 0.00 | 0.00 |
| 8 | 07/08/05 | Affidavit of Service of Summons &<br>Complaint on 6/29/05 (jannice Stokes) DC<br>Corp Counsel<br>DC MAYOR ANTHONY WILLIAMS (Defendant); | 0.00 | 0.00 |
| 9 | 09/07/05 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 09/07/2005  19:34:55 | 0.00 | 0.00 |
| 10 | 10/07/05 | Event Resulted:<br>The following event: Scheduling Conference<br>Hearing scheduled for 10/07/2005 at 9:30<br>am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing<br>Held. Parties present. Defendant to answer<br>complaint by 11-18-05. Court to issue<br>schedule upon ruling (RP)J/Weisberg | 0.00 | 0.00 |
| 11 | 10/17/05 | Order Denying Plaintiff's motion for<br>default jugment Entered on Docket.  Signed<br>by J. Weisberg on 10/14/05.  Docketed and<br>copies mailed 10/17/05.  JC | 0.00 | 0.00 |
| 12 | 11/18/05 | Motion to Dismiss the complaint or in the<br>alternative for summary jdgmt Filed<br>Attorney: ROWELL, Ms THERESA A (462523)<br>DC MAYOR ANTHONY WILLIAMS (Defendant); | 20.00<br><br>20.00 | 0.00 |
| 13 | 12/06/05 | Motion for Protective Order Staying<br>Discovery Filed<br>Attorney: ROWELL, Ms THERESA A (462523)<br>DC MAYOR ANTHONY WILLIAMS (Defendant); | 20.00<br><br>20.00 | 0.00 |

2005 CA 001888 B    MOMENT, MICHAEL  Vs. DC MAYOR ANTHONY WILLIAMS

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 14 | 12/06/05 | Opposition to Motion to Compel and for immediate default jdgmt for failure to answer complaint Filed<br>DC MAYOR ANTHONY WILLIAMS (Defendant); | 0.00 | 0.00 |
| 15 | 12/20/05 | Judge Caseload Transfer.<br>The judge was changed from WEISBERG, FREDERICK H. to RETCHIN, JUDITH E. | 0.00 | 0.00 |
| 16 | 01/06/06 | Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Compel and for Immediate Sanctions for Failure to Answer Interrogatories Filed<br>DC MAYOR ANTHONY WILLIAMS (Defendant); | 0.00 | 0.00 |
| 17 | 01/12/06 | Order Sua Sponte to deny Plaintiff's Motion to Compel and for Immediate Default Judgment Entered on Docket. Signed by J. Weisberg on 1/11/06, Docketed and copies mailed 1/12/06. JC | 0.00 | 0.00 |
| 18 | 01/12/06 | Order Sua Sponte denying Plaintiff's Motion to Compel and for Immediate Sanctions Entered on Docket. Signed by J. Weisberg on 1/11/06, Docketed and copies mailed 1/12/06. JC | 0.00 | 0.00 |
| 19 | 01/12/06 | Order Denying Motion for Protective Order Entered on Docket. Signed by J. Weisberg on 1/11/06, Docketed and copies mailed 1/12/06. JC | 0.00 | 0.00 |
| 20 | 01/12/06 | Order Granting Motion to Dismiss Entered on Docket. Signed by J. Weisberg on 1/11/06, Docketed and copies mailed 1/12/06. JC | 0.00 | 0.00 |

|  |  |  |
|---|---|---|
| Totals By: Cost | 60.00 | 0.00 |
| Information | 0.00 | 0.00 |

*** End of Report ***

| Case Number | Status | Judge |
|---|---|---|
| 2005 CA 002103 B | Closed | RETCHIN, JUDITH E |

| In The Matter Of | | Action |
|---|---|---|
| MOMENT, MICHAEL Vs. REARDON, PEARL | | Complaint for Harassment Filed |

| Party | | Attorneys |
|---|---|---|
| MOMENT, MICHAEL | PLNTF | PRO SE |
| REARDON, PEARL | DFNDT | MURPHY, Mr THOMAS D |

| Opened | Disposed | Case Type |
|---|---|---|
| 03/19/2005 | Order Granting Motion for Judgment Entered on Dkt | Civil II |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr   Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 03/19/05 | Complaint for harassment<br><br>TDMS TYPE: CAC<br>TDMS EVENT: 9101C09<br><br>CREATED BY/ON: #47U HartFiel 03-19-2005<br>LAST MODIFIED BY/ON: #47U HartFiel<br>03-19-2005 | 0.00 | 0.00 |
| 2 | 04/15/05 | ANSWER to complaint by Pearl Reardon<br><br>ENTRY BY: Reardon<br>TDMS TYPE: CAC<br>TDMS EVENT: 1151ans<br><br>CREATED BY/ON: #445 Terry, P 04-19-2005<br>LAST MODIFIED BY/ON: #445 Terry, P<br>04-19-2005 | 0.00 | 0.00 |
| 3 | 06/24/05 | Initial SCHEDULING conference @ 9:30am<br>FSDATE: 20050624ss<br><br>TDMS TYPE: EVT<br>TDMS EVENT: 0296b2N<br>TDMS FLAG: ss<br><br>CREATED BY/ON: #47U HartFiel 03-19-2005<br>LAST MODIFIED BY/ON: #47U HartFiel<br>03-19-2005 | 0.00 | 0.00 |
| 4 | 06/24/05 | Event Resulted:<br>The following event: Scheduling Conference Hearing scheduled for 06/24/2005 at 9:30 am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing Continued | 0.00 | 0.00 |

2005 CA 002103 B    MOMENT, MICHAEL  Vs. REARDON, PEARL

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 5 | 06/24/05 | Notice Mailed<br><br>Notice Of Hearing<br>Sent on: 06/24/2005 11:49:41 | 0.00 | 0.00 |
| 6 | 06/24/05 | Event Scheduled<br>Event: Scheduling Conference Hearing<br>Date: 10/07/2005   Time: 9:30 am<br>Judge: WEISBERG, FREDERICK H.   Location:<br>Courtroom 318<br><br>Result: Scheduling Conference Hearing Held | 0.00 | 0.00 |
| 7 | 10/07/05 | Event Resulted:<br>The following event: Scheduling Conference<br>Hearing scheduled for 10/07/2005 at 9:30<br>am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing<br>Held. Parties present. Defendant has until<br>11-18-05 for filing of motions. Court to<br>issue schedule upon ruling. (RP)J/Weisberg | 0.00 | 0.00 |
| 8 | 11/18/05 | Motion for Judgment on the Pleadings Filed<br>Attorney: MURPHY, Mr THOMAS D (211284)<br>PEARL REARDON (Defendant);  Receipt: 19729<br>Date: 11/18/2005 | 20.00 | 0.00 |
| 9 | 12/20/05 | Judge Caseload Transfer<br>The judge was changed from WEISBERG,<br>FREDERICK H. to RETCHIN, JUDITH E. | 0.00 | 0.00 |
| 10 | 01/12/06 | Order Granting Motion for Judgment on the<br>Pleadings Entered on Docket.  Signed by J.<br>Weisberg, Docketed and copies mailed<br>1/12/06.  JC | 0.00 | 0.00 |
| 11 | 01/12/06 | Defendant's Motion for Protective Order<br>Filed<br>Attorney: MURPHY, Mr THOMAS D (211284)<br>PEARL REARDON (Defendant);  Receipt: 24720<br>Date: 01/13/2006 | 20.00 | 0.00 |

|  |  |  |  |
|---|---|---|---|
|  | Totals By: | Cost | 40.00 | 0.00 |
|  |  | Information | 0.00 | 0.00 |
|  | *** End of Report *** |  |  |

Michael Moment
P.O. Box 1456
Owings, Mills 21117
November 7, 2005


Chief Judge Rufus G. King III
Superior Court for the District of Columbia
500 Indiana Ave., N.W., Room 3500
Washington, D.C. 20001

# FORMAL COMPLAINT

Dear Chief Judge Rufus G. King III

Mr. Moment is filing this formal complaint with your office for the violation of his Constitutional Rights, Civil Rights and Federal Laws by officials of the Superior Court of the District of Columbia court system. Mr. Moment is requesting an investigation be conducted.

On May 23, 2005, Mr. Moment sent you a letter about an error that was made by the Civil Clerk's Office on filing an affidavit of service to the District of Columbia and a Mrs. Pearl Reardon. On June 15, 2005, Mr. Moment received a letter from a Ms. Deborah Taylor-Godwin Director, Civil Division apologize of the error. On June 17, 2005, Mr. Moment went before Hon. Judge Frederick Weisberg for initial conference on the District of Columbia. In this hearing, the Attorney for the District of Columbia argued that they did not receive the complaint in the 60 day time frame and that this case falls under the double jeopardy rule. Mr. Moment informed Judge Weisberg of the error that was made by the clerk's office. Judge Weisberg told Mr. Moment to resend the complaint to the District of Columbia and he gave them additional time. On June 27, 2005, Mr. Moment resent a second set of the complaint by certified first class mail to (1) Attorney General for District of Columbia and was delivered on June 29, 2005, at 5:11pm and (2) Mayor Anthony A. Williams office on June 29, 2005, at 12:57pm. Mr. Moment returned to the Superior Court of the District of Columbia and filed another affidavit of service to the clerk.

On October 7, 2005, Mr. Moment came back before Judge Weisberg. Judge Weisberg asked the Attorney for the District of Columbia had they filed a motion to defend. The Attorney for the District of Columbia stated no. Judge Weisberg asked why not. The Attorney for the District of Columbia stated that their office had not received the complaint a second time. At this time Judge Weisberg asked the attorney who is "said someone name (can not recall the name he said) and did she work in their office. The attorney said that she worked in their office. Judge Weisberg told the attorney he needs to go and find the complaint. [The attorney lied to the judge. Mr. Moment noticed the

1

attorney before the case was called. This attorney sat at the back of the courtroom in the last row across from Mr. Moment. Mr. Moment observed this attorney reading Mr. Moment's complaint.] Judge Weisberg asked Mrs. Reardon's attorney who stated, I thought you were going to dismiss this case on the double jeopardy rule. Judge Weisberg asked him why he would think that. At this time, Mr. Moment knew that he would not get a fair hearing on his case.

On October 11, 2005, Mr. Moment filed a Motion for Judgment by Default. On October 14, 2005, Judge Weisberg denied Mr. Moment's motion stating that he granted Defendant's motion for additional time to respond to the complaint in open court on October 7, 2005. At no time on October 7, 2005, did the Defendant's ask for a motion for additional time. At no time within the 200 days has the District of Columbia stated that they would be defending this complaint. On June 17, 2005, the attorney's argument was that they did not receive the complaint in time, not that they did not receive it at all. So on March 17, 2005, the District of Columbia had received the complaint. The attorney for the District of Columbia has had over 200 days to respond, they just refuse to. To this day, Mr. Moment has not received a response from the District of Columbia's attorney.

Under Federal Rules of Civil Procedure there are rules to be followed: Pursuant Rule 4. Summons and Rule 55. Default (a) (b), Rule E. - Actions in Rem and Quasi in Rem: General Provisions. 2 (a), and Rule 4. Summons, D (f), I (1), J (2), L, M, Rule C. - Actions in Rem: Special Provisions 2(d), 6. These rules have not been followed by the District of Columbia.

Mr. Moment's Fourteenth Amendment to have due process of the law is being violated. Throughout Mr. Moment's case, he has been wrongfully deprived of his rights and privileges protected by the Constitution and Laws of the United States. Mr. Moment brought this suit under Title 18, U.S.C., Section 242 for just this reason. Mr. Moment has given the District of Columbia and Mrs. Reardon time to correct their acts but it is clear that they intend to scheme and manipulate their way through the District court system. Mr. Moment feels that someone has been pulling strings throughout this case.

1. On May 11, 2004, Mr. Moment was arrested on felony threats and kidnapping. The warrant stated. On **or about January 27, 2004, within the District of Columbia, Michael Moment threaten to injure/kidnap PEARL REARDON. (Threatening To Injure/Kidnap a Person, in violation of 22 D.C. Code, Section 1810 (2001 ed.))**. Until August 11, 2004, the day of his trial, Mr. Moment had never met Mrs. Pearl Reardon who is Mr. Moment's future mother-in-law.

2. On May 12, 2004, the States Attorney offered Mr. Moment mediation with Mrs. Reardon who agreed to mediation. Mr. Moment refused and wanted a jury trial. At this time the States Attorney nolle the complaint to threats.

3. On June 8, 2004, Mr. Moment retained Mr. Russell J. Hairston as his attorney. From June 8, 2004, to August 11, 2004, Mr. Hairston refused to meet with Mr. Moment to go over his case.

2

4. On August 11, 2004, the State Attorney had changed the charge again this time Mr. Moment was charged with attempted threat

5. On August 12, 2004, Mr. Moment was found guilty of attempted threats and was sentenced to 90 days E.S.S.; 1yr. supervised probation, 240 hours of community services, anger management.

6. On August 13, 2004, Mr. Moment received all his paper work from Mr. Hairston and viewed the warrant for the first time.

7. On August 14, 2004, Mr. Moment had his case investigated.

8. On September 10, 2004, Mr. Moment filed an appeal

9. On September 10, 2004, Mr. Moment ordered his transcript

10. On September 20, 2004, Mr. Moment received his copy of the transcript.

11. On February 9, 2005, Mr. Moment filed suit on Mr. Hairston.

12. On March 7, 2005, Mr. Moment's probation officer Ms. Sharon Nickelberry informed Mr. Moment did not have to come in anymore for his supervised probation.

13. On March 15, 2005, Mr. Moment filed suit on the District of Columbia

14. On March 19, 2005, Mr. Moment filed suit on Mrs. Pearl Reardon.

15. On March 28, 2005, Mr. Moment wrote to you, Judge King, to make a complaint that he felt he was being setup.

16. On May 5, 2005, Mr. Moment went to an initial hearing on Mr. Hairston. In this hearing, Mr. Hairston stated that Judge Craig Iscoe would come and testify on his behalf. Mr. Hairston agreed to pay Mr. Moment a sum if Mr. Moment did not ensue anymore litigation against him.

17. On May 14, 2005, Mr. Moment returned an affidavit of service to Civil Clerk's Office for Superior Court of the District of Columbia.

18. On May 20, 2005, Mr. Moment received a letter of rejection from the Civil Clerk's office. Stating that Mr. Moment can not personally affect service.

19. On May 23, 2005, Mr. Moment received a Motion to Dismiss from the Attorney General Office for the District of Columbia. Show that they had received the

complaint. But the evidence will show that the District of Columbia received the complaint well within the 60days.

20. On May 23, 2005, Mr. Moment wrote you again about the error the clerk made.

21. On June 17, 2005, Mr. Moment received a letter from Ms. Deborah Taylor-Godwin Director of Civil Division which stated that a mistake had been made and corrected.

22. On July 16, 2005, Mr. Moment received order to return to Superior Court of the District of Columbia appear before Judge Iscoe for violation of probation on August 9, 2005, 4 days before Mr. Moment's sentence would be over.

23. On August 9, 2005, Mr. Moment appeared before Judge Iscoe. In opening statement, Mr. Moment motioned that this hearing be heard by another judge because on May 5, 2005, Mr. Hairston stated that Judge Craig Iscoe would come and testify on his behalf. Judge Iscoe stated that he knew nothing about a trial and that he knew nothing of testifying for Mr. Hairston. And that he was denying his motion. Judge Iscoe then stated that a mistake had been made on Mr. Moment's sentence and that Mr. Moment had 2 more years of unsupervised probation. Then Ms. Nickelberry stated that Mr. Moment had not completed his 240 hours of community service. Mr. Moment told Judge Iscoe that he had his community service all setup and was told that he could not do that as community service and that he had to want until he was transferred to Maryland. Mr. Moment was then told that Maryland was not going to touch this case. Then Ms. Nickelberry informed Mr. Moment that he did not have to come in anymore. Judge Iscoe stated that I'm going to reduce your community service to 140 hours. At no time was Mr. Moment notified or ordered back to court that a mistake had been made on his sentence. Until one year later when Mr. Moment come in on a false probation violation and is told 4 days before his sentence ended.

24. When Mr. Moment filed his appeal on September 10, 2004, Mr. Moment would check on the status of his appeal on the six floor of the District Courthouse twice a month. And each time Mr. Moment was told that the lower court has not sent up the paper work.

25. On September 1, 2005, Mr. Moment went to the office of Appeals Coordinator's Room 3148. The clerk informed Mr. Moment that Judge Iscoe had checked the file out on January 19, 2005, and had not returned the file and has had it all this time.

26. On September 12, 2005, Mr. Moment received a letter that all paper work for his appeal had finally made it to the Appeals Court; 1 year after Mr. Moment filed his appeal.

4

These cases began with a mother who tries to keep her daughter from getting married. Now it is a case of how many people are willing to answer questions in a Federal Court for violating a person's Constitutional Rights and Civil Rights.

In this case Mr. Moment's First Amendment, Fourth Amendment, Sixth Amendment, Fourteenth Amendment

And violation of Title 18, U.S.C., Section 1018 (Official Certificates or Writings).

Title 18, U.S.C., Section 242 (Deprivation of Right under Color of Law).

Title 18, U.S.C., Section 241 (Conspiracy against Rights).

DC §22-407

   Mr. Moment is request an investigation be conducted

   Michael Moment
   P.O. Box 1456
   Owings, Mills Md. 21117
   (240) 832-7906

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2005, a copy of the foregoing was sent, by first class mail, postage prepaid, to Chief Judge Rufus G. King III, Superior Court for the District of Columbia 500 Indiana Ave., N.W., Room 3500 Washington, D.C. 20001

   Michael Moment



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### 500 INDIANA AVENUE, N.W.
### WASHINGTON, D.C. 20001-2131

**RUFUS G. KING, III**
*Chief Judge*

**DUANE B. DELANEY, Esq.**
*Clerk of the Court*

June 15, 2005

**DEBORAH TAYLOR-GODWIN, Esq.**
*Director*
CIVIL DIVISION
(202) 879-1680

Mr. Michael Moment
P.O. Box 1456
Owings Mills, Maryland 21117

Re: Letter of Complaint

Dear Mr. Moment:

    I regret the delay in responding to your enclosed letter of complaint. Chief Judge Rufus G. King, III, recently forwarded a copy of your letter in which you complained that the Civil Clerk's Office wrongfully rejected certificates of service filed in Civil Action Numbers 05CA1888 and 05CA2103. You are the plaintiff in both cases.

    I forwarded your letter of concern to Mr. Edward Jenkins, Branch Chief, Civil Actions Branch, for investigation. The rejection of the affidavits of service by certified mail with the attachments (proofs of delivery) from the U. S. Postal Service was in error. The submission of proof of delivery by the Postal Service is not uncommon when the actual return receipt is lost or destroyed, and is accepted by the Clerk's Office when attached to an affidavit properly completed in accordance with SCR – Civil Rule 4 (c) (3). Mr. Jenkins spoke with the clerk, who is a fairly new employee, and learned that he misinterpreted the application of the rules in relation to proof of service by certified mail. Mr. Jenkins has counseled the employee and I am certain that the clerk will not repeat this error. I sincerely apologize for the clerk's rejection and regret any inconvenience to you.

    In addition, Mr. Jenkins has informed the supervisors of this unfortunate mistake and has requested that they communicate to staff the Branch's acceptance of such proofs when correctly submitted for filing.

Michael Moment
P.O. Box 5298
Hyattsville, Maryland 20782-0298
February 20, 2006


Chief Judge Rufus G. King III
Superior Court for the District of Columbia
500 Indiana Ave., N.W., Room 3500
Washington, D.C. 20001

# FORMAL NOTICE

Chief Judge Rufus G. King III

Mr. Moment is writing this notice to inform you of the corruption in the District of Columbia Judicial System. On March 15, 2005 and March 19, 2005 Mr. Moment filed two civil complaints in the Superior Court of Washington DC. Judge Frederick Weisberg was the presiding Judge over the case. On December 20, 2005 both of Mr. Moment's civil complaints were transferred from Judge Frederick Weisberg and were assigned to Judge Judith E. Retchin who was the new presiding Judge over the case. At no time was Mr. Moment notified by the courts that there was a new Judge presiding over this case. On January 11, 2006 Judge Weisberg dismissed Mr. Moment's case against the District of Columbia and On January 12, 2006 Judge Weisberg granted Mrs. Peal Reardon Motion for Judgment on the Pleading, even though, December 20, 2005, Judge Weisberg had no jurisdiction over Mr. Moment's cases.

Mr. Moment filed six motions to Judge Weisberg:

1. On October 11, 2005, Motion for Judgment by Default.
2. On November 13, 2005, Motion to Compel and for Immediate Sanctions for Failure to Answer Complaint.
3. On November 16, 2005, Motion to Compel and for Immediate Default Judgment for Failure to Answer Complaint.
4. On December 5, 2005, Motion to Deny Mrs. Reardon Motion for Judgment on Pleading.
5. On December 5, 2005, a second Motion for Default Judgment
6. On December 14, 2005, Motion to Compel and for Immediate Sanctions for Failure to answer Interrogatories.

Judge Weisberg ruled on five of the motions when he had no jurisdiction over Mr. Moment's case.

1

On December 27, 2005, Mr. Moment filed a new complaint in the United States District Court for the District of Columbia against the District of Columbia

In Mr. Moment's complaint, Mr. Moment states how Judge Weisberg has violated his due process rights, how it had been 283 days since Mr. Moment filed his complaint in Superior Court of the District of Columbia, and how the defendants refused to file a notice to defend even after Judge Weisberg on June 17, 2005, and October 7, 2005, gave them additional time and ordered the defendants to file the notice. They refused to file a notice. Judge Weisberg failed to rule on Mr. Moment's Motion for Default Judgment. In Mr. Moment's complaint in the United States District Court for the District of Columbia, he alleged a conspiracy against his rights and states how Judge Weisberg refused to rule on any of his motions. On January, 11 and 12 of 2006, Judge Weisberg dismissed Mr. Moment's civil complaints. At the time Judge Weisberg dismissed Mr. Moment's complaints he had no jurisdiction over Mr. Moment's case. In retaliation, Judge Weisberg dismissed the cases after the District of Columbia informed the Judge of what was stated in the complaint filed in the United States District Court and that Mr. Moment had filed a complaint with the Office of Commission on Judicial Disabilities and Tenure on December 12, 2005, on Judge Weisberg. Not only did Judge Weisberg violate Mr. Moment's rights by dismissing his case when he had no jurisdiction, but Judge Weisberg was meeting with the defendant, District of Columbia, behind Mr. Moment's back without notifying Mr. Moment of any meeting.

Mr. Moment has contacted the Department of Justice, the U.S. Senate Committee on the Judiciary, and Congress to inform them of the corruption in the District of Columbia Judicial System.

Michael Moment
P.O. Box 5298
Hyattsville, Maryland 20782-0298
(240) 832-7906

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2006, a copy of the foregoing was sent, by first class mail, postage prepaid, to Chief Judge Rufus G. King III, Superior Court for the District of Columbia 500 Indiana Ave., N.W., Room 3500 Washington, D.C. 20001

Michael Moment

3

# COMPLAINT ABOUT A

# SUPERIOR COURT JUDGE

January 30, 2005

Michael Moment

(240) 832 – 7906

P.O. Box 5298

Hyattsville, Maryland, 20782-0298

Pro Se

Judge Frederick Weisberg

Superior Court of the District of Columbia

Michael Moment v. District of Columbia case no. 05ca001888

Michael Moment v. Pearl Reardon case no. 05ca002103


On March 15, 2005, Mr. Moment filed a civil suit against the District of Columbia.

On March 19, 2005, Mr. Moment filed a civil suit against Pearl Reardon.

On May 19, 2005, the District of Columbia filed a Motion to Dismiss Pursuant to SCR Civil 12(b)(4), 12(b)(6), 4(m), and 41(b)

On June 17, 2005 at 9:30am, Mr. Moment came before the Hon. Frederick Weisberg of the Superior Court of the District of Columbia. Initial conference on the complaint against the District of Columbia and ordered the District of Columbia to respond to Mr. Moment's complaint. Judge Weisberg gave the District of Columbia 60 additional days to respond.

On June 24, 2005, at 9:30am, Mr. Moment came before the Hon. Frederick Weisberg of the Superior Court of the District of Columbia for an initial conference on the complaint against Pearl Reardon. At which time, Judge Weisberg stated that he was combining the two complaints together.

On October 7, 2005, at 9:30, Mr. Moment came before Judge Weisberg in this hearing ask the District of Columbia why they had not respond to the second complaint that was

1

sent to there office. The attorney for the District of Columbia stated that they never received the second complaint. Judge Weisberg asked if this person work in your office. The attorney stated yes. Judge Weisberg stated you need to find the complaint. Judge Weisberg asked the attorney for Mrs. Reardon who stated that he thought you were going to dismiss this complaint on double jeopardy. Judge Weisberg asked why did you think that. This was the last time Mr. Moment has come before Judge Weisberg.

On October 11, 2005, Mr. Moment filed a Motion for Judgment by Default against the District of Columbia. On October 14, 2005, Judge Weisberg denied Mr. Moment's motion. Judge Weisberg stated in his order of October 14, 2005, "upon consideration of Plaintiff's motion for default judgment and the court having granted Defendants' motion for additional time to respond to the complaint in open court on October 7, 2005, it is this 14th day of October, 2005, Ordered that Plaintiff's motion for default judgment be, and it hereby is, denied." In the hearing of October 7, 2005, at no time did the defendants ask for additional time.

On November 13, 2005, Mr. Moment filed a Motion to Compel and for Immediate Sanctions for Failure to Answer Complaint.

On November 14, 2005, Mr. Moment mailed 9 pages of Interrogatories of Disclosure and Discovery Papers. Mr. Moment sent to Judge Weisberg (Notice of Discovery)

On November 16, 2005, Mr. Moment filed a Motion to Compel and for Immediate Default Judgment for Failure to Answer Complaint.

On November 18, 2005, Mrs. Reardon attorney filed a Motion for Judgment on Pleading and requested an oral hearing.

On December 5, 2005, Mr. Moment filed a Motion to Deny Mrs. Reardon Motion for Judgment on Pleading.

On December 5, 2005, Mr. Moment filed a second Motion for Default Judgment after Judge Weisberg gave Defendants additional time, 60 more days. There had been no new hearing date set by Judge Weisberg or the Superior Court of the District of Columbia for Mr. Moment's complaint.

On December 9, 2005, Mr. Moment received a call from Ms. Theresa Rowell who stated that they where not giving any Disclosure Papers.

On December 14, 2005, Mr. Moment filed a Motion to Compel and for Immediate Sanctions for Failure to answer Interrogatories.

On December 27, 2005, Mr. Moment filed a new complaint in the United States District Court for the District of Columbia against the District of Columbia. After Judge Weisberg violated Mr. Moment's due process rights, it had been 283 days since Mr. Moment filed his complaint in Superior Court of the District of Columbia and the defendants refused to file a notice to defend even after Judge Weisberg on June 17, 2005, at 9:30am and October 7, 2005, gave them additional time and ordered the defendants to

2

file the notice; they refused to file a notice. Judge Weisberg failed to rule on Mr. Moment Motion for Default Judgment.

On December 28, 2005 at 10:39am and at 2:17pm respectively, the Office of the Mayor and the Office of the Attorney General received Mr. Moment's complaint filed in the United States District Court for the District of Columbia.

On January 8, 2006, Mr. Moment sent 10 pages of Interrogatories and Discovery Papers to Mr. Thomas D. Murphy attorney for Mrs. Reardon. Mr. Moment sent to Judge Weisberg (Notice of Discovery).

On January 11, 2006, Mr. Murphy filed a Motion for Protective Order.

On January 13, 2006, Mr. Moment received 5 orders from Judge Weisberg.

**First order states**: Upon consideration of the defendant's Motion to Dismiss, r in the Alternative for Summary Judgment, the opposition thereto, and the record herein, it is by the Court this 11th day of January, 2005,

ORDERED: that the Motion is GRANTED; and it is

FURTHER ORDERED: that the plaintiff's Complaint be DISMISSED WITH PREJUDICE. for failure to satisfy DC Code §12-309 as to Plaintiff's non- constitutional claims and as to his constitutional claims, pursuant to Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694 (1978).

This order was signed by Judge Weisberg

**Second order states:** Upon consideration of defendant's Motion for a Protective Order Staying Discovery, the opposition thereto, and the record herein, it is the Court this 11th day of January, 2005,

ORDERED: that the Motion is GRANTED; and it is

FURTHER ORDERED: that all discovery in this case be stayed until the Court rules on the District's Motion to Dismiss.

Then Judge Weisberg drew a line through the ordered and the further ordered then he wrote.

ORDERED: that the Motion is Denied, as moot, the court having dismissed the complaint by separate order entered this date.

This order was signed by Judge Weisberg.

**Third order states:** Upon consideration of the plaintiff's Motion to Compel and for Immediate sanctions for Failure to Answer Interrogatories, the District's opposition thereto, and the record herein, it is by the Court this 11th day of January, 2006,

3

ORDERED: that plaintiff's Motion is DENIED

This order is not signed by a Judge

**Fourth order states:** Upon consideration of plaintiff's Motion to Compel and for Immediate Default Judgment for Failure to Answer Complaint, and Plaintiff's "second request for Motion for Default Judgment," the District's opposition thereto, and the record herein, it is by the Court this 11th day of January, 2005,

ORDERED: that plaintiff's Motion is DENIED as the District has timely responded to plaintiff's complaint.

This order was signed by Judge Weisberg.

**Fifth order states:** Upon consideration of the Defendant's Motion for Judgment on the Pleadings and any opposition thereto, and the Court having reviewed the record herein, it is thereupon this 12th day of January, 2005, by the Superior Court of the District of Columbia,

ORDERED, that Defendant's Motion for Judgment on the Pleadings be and the same is hereby GRANTED; and it is further,

ORDERED, that JUDGMENT be and is hereby entered in favor of Defendant; and it is further

ORDERED, that Plaintiff's Complaint in this matter be and is hereby DISMISSED.

This order was signed by Judge Weisberg.

At the bottom of each one of these orders it states: Order docketed and copies mailed from Chambers, First Class Mail, to parties indicated above on 1/12/06.

Four of these orders were in an envelope from the Office of the Attorney General for the District of Columbia.

Judge Weisberg and the attorneys for the District of Columbia have been meeting with out informing Mr. Moment.

In retaliation, Judge Weisberg dismissed Mr. Moment's complaint after he found out that Mr. Moment had made a complaint on him. Mr. Moment alleges in his suit in United States District Court for the District of Columbia that Judge Weisberg was also violating Mr. Moment's rights.

Under United State Constitution and State and District Laws, Mr. Moment's rights have been violated. Mr. Moment is entitled to due process of the law.

Mr. Moment respectfully asks this agency to investigate this complaint that Judge Frederick Weisberg of the Superior Court of the District of Columbia has violated Mr. Moment's rights.

4

*[signature]*

Michael Moment
P.O. Box 5298
Hyattsville, Md. 20782-0298
(240) 832-7906


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2006, a copy of the foregoing was faxed to (202) 727-9718 the Office of Commission on Judicial Disabilities and Tenure at 515 5th Street N.W. Suite 312, Washington, D.C. 20001.

*[signature]*
Michael Moment

5