UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL MOMENT
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832 - 7906
       Plaintiff,

                           Civil Action No. 1:05CV02470 R.W.R.

vs.

DISTRICT OF COLUMBIA,
Mayor Anthony Williams
Corporation Counsel of District of Columbia,

       Defendants,

**RECEIVED**

JUN - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# MOTION TO DENY DEFENDANT'S MOTION

# TO VACTE DEFAULT and SUMMARY JUDGMENT

COMES NOW, the Plaintiff, Michael Moment, moves this court to Deny Defendant's Motion to Vacate Default and Summery Judgment for the reasons which follow:

December 27, 2005, Plaintiff filed suit on the District of Columbia, C.A. #1:05CV02470 and sent a copy of the complaint by next day certified mail with return receipt to (1) Attorney General for the District of Columbia (2) Mayor Anthony A. Williams. On December 28, 2005, at 2:17 pm, the complaint was delivered to the office of Ms. Theresa A. Rowell, the Attorney General for the District of Columbia and on December 28, 2005 at 10:39 am, the complaint was delivered to the office of Mayor Anthony A. Williams each delivery was signed for Pursuant to Federal Rules of Civil Procedure Plaintiff served the District of Columbia within 60 days pursuant to Federal Rules of Civil Procedure:

Rule 5 Service and Filing of Pleadings and Other Papers

On January 4, 2006, Plaintiff then filed an affidavit of service with the clerk's office to confirm that the United States Postal Service had delivered /served Defendant's by registered / certified mail pursuant to Federal Rules of Civil Procedure:

Rule 4 Summons

On March 10, 2006, Plaintiff checked with the Clerk's Office of The U.S. District Court for the District of Columbia to see if the Defendant's had filed an answer to the complaint. Plaintiff was informed that no answer had been filed by the Defendant's.

Plaintiff filed a default judgment with the Clerk's Office of The U.S. District Court for the District of Columbia on March 10, 2006 pursuant to Federal Rules of Civil Procedure:

Rule 56 (a) (b) Summary Judgment

Rule 55 (a) (b) 1 Default

Rule 54(b) (c) (d).

The Defendants are the administrative and the executive of the District of Columbia and have gone to great lengths to cover up and have this complaint dismissed. Once again, the Defendants are trying to mislead this court. In Defendants motion, they stated that they left message for Plaintiff, even though Plaintiff never received a message. Defendants stated that they had received and were aware of the complaint long before the time Plaintiff filed default judgment with the Clerk's Office of The U.S. District Court for the District of Columbia. Plaintiff even gave the Defendants additional days to file their answer before filing default papers. The Defendants willfully failed to respond to Plaintiff's complaint just as they did in Superior Court of the District of Columbia after being order by Judge Frederick H. Weisberg on October 7, 2005, to answer the complaint. **Exhibit 1**

The Defendants state in there motion to the court that "undersigned was assigned this case after it was determined that she handled the same case in the Superior Court." This is another tactic of the Defendants to try and mislead this court. On December 27, 2005, Plaintiff sent his complaint next day certified mail to Ms. Theresa A. Rowell as shown in the affidavit of service filed on January 4, 2006. Now the Defendants come and state that Ms. Rowell inadvertently failed to timely respond to Plaintiff's Complaint. Ms. Rowell is

an Assistant Attorney General she is supposes to be well educated in the procedure and guidelines of the law. In the District of Columbia on Civil Rules, it states " Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a)." **(Exhibit 2)** and even after Plaintiff gave them more time to respond, the Defendants not only did not answer the complaint, they did not respond at all. And when they finally respond they respond by trying to mislead this court and are leaving out key and important informant that they know about.

1. The Defendant's state that summary judgment be granted on all claims because as they stated. As grounds therefore, the District states that plaintiff's complaint is precluded on the basis of res juicata.

   a. ***Res judicata*** (from "res iudicata", Latin for "a thing decided") is a common law doctrine meant to bar relitigation of cases between the same parties in court.

Once a final judgment has been handed down in a lawsuit, subsequent judgeswho are confronted with a suit that is identical to or substantially the same as the earlier one will apply *res judicata* to preserve the effect of the first judgment. This is to prevent injustice to the parties of a case supposedly finished, but perhaps mostly to avoid unnecessary waste of resources in the court system. *Res judicata* does not merely prevent future judgments from contradicting earlier ones, but also prevents them from multiplying judgments, so a prevailing plaintiff could not recover damages from the defendant twice for the same injury.

In this definition, it states to prevent an injustice to the parties. How in just, when Judge Frederick H. Weisberg of the Superior Court of the District of Columbia orders the Defendants to answer the complaint and they refuse and are not held in civil contempt or

4

sanctions the Defendants when he had jurisdiction over the case. Yates v. Hoffman Estates, 209 F.Supp.757 Ill. D.C. 1962.

How in just is it for a judge who was transferred from a case to come back when he had no jurisdiction and dismiss the Plaintiff's case because he was informed that a complaint had been filed against him. Judge Frederick H. Weisberg of the Superior Court of the District of Columbia did not just dismiss Plaintiff's complaint; he dismissed it with prejudice on all counts. As Plaintiff has stated in his complaint filed in United States District Court against the District of Columbia about conspiracy, it is clear it does not stop with just the Metropolitan Police Department. It goes all the way up to the Judges in the District of Columbia. Just as Plaintiff's civil case was a fraud in the Superior Court of the District of Columbia so were Plaintiff's criminal trial and his arrest. Under the U.S.C. Title 42, chapter 21 §1988 Civil action for deprivation of rights, which states [When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it "State v. Sutton, 63 Minn. 147 65 NW 262 30 ALR 660. Also Watson v. Memphis, 375 US 526; 10 L Ed 529; 83 S.Ct. 1314]. The Defendants state that the Plaintiff can prove no facts to support his claim which would entitle him to relief. Just by this fraud document that the Defendants filed with this court would prove a fact. Not only will the Plaintiff prove every claim he has stated but show evidence and witnesses to prove his claim.

## THE FACTS OF THIS CASE

1. On January 27, 2004, Mrs. Pearl Reardon, the future mother –in – law of the Plaintiff who Plaintiff has never met, called the Metropolitan Police Department by 911 to make a

5

complaint. Officer Stephen Davis badge # 4102 of the Metropolitan Police Department responded and took an incident report. **Exhibit 3**

    a. Plaintiff will present evidence and witnesses to prove that this incident report and the supplementary report were altered.

**2.** Plaintiff will present evidence and witnesses to prove that he called Detective Donna Wilson of the Metropolitan Police Department 41 days later on March 10, 2004, and wrote a statement that he had not threatened anyone.

    a. Not as Detective Donna Wilson testified at trial on August 11, 2004.

    b. Plaintiff will present evidence and witnesses to prove that he called Detective Wilson's supervisor and Internal Affairs on April 6 and 7, 2004, to make a complaint that he was being harassed by Detective Wilson.

**3.** Plaintiff will present evidence and witnesses to prove that on April 8, 2004, he filed a citizen complaint with the Office of Citizen Complaint Review and the Chief of Police Charles H. Ramsey for being harassed by Detective Wilson.

**4.** On April 7, 2004, Detective Wilson filled out and swore to an affidavit in support of an arrest warrant **Exhibit 4**

**5.** On April 7, 2004, Detective Wilson also swore and signed a warrant that states "On or about January 27, 2004, within the District of Columbia, Michael Moment threaten to injure/kidnap PEARL REARDON. (Threatening To Injure/Kidnap a Person, in violation of 22 D.C. Code, Section 1810 (2001 ed.)).

**6.** Plaintiff will present evidence and witnesses to prove that 34 days passed before Detective Wilson notified Plaintiff that a warrant had been issued even though Detective Wilson had seen Plaintiff at 7:30 pm on April 7, 2004, when his fiancé came in to talk

6

with her at the police station. She did not arrest Plaintiff even though she had a signed warrant.

**7.** Plaintiff will present evidence and witnesses to prove that Detective Wilson swore to a false information document. **Exhibit 5**

**8.** On May 11, 2004, Plaintiff went to pickup the warrant and was arrested and charged with felony threats and kidnapping of his future mother –in – law.

**9.** Plaintiff will present evidence and witness that on May 12, 2004, United States Attorney for the District of Columbia, Mr. Timothy W. Lucas, who signed off on the false complaint on April 7, 2004, as a felony. On May 12, 2004, Mr. Timothy W. Lucas nolle prosequi charge. When Mr. Lucas found out Plaintiff was in custody, Mr. Lucas offered mediation and when Plaintiff refused Mr. Lucas' offer. Mr. Lucas wrote new charges **Exhibits 5** and **6**

**10.** Plaintiff will present evidence and witness that there was no show cause hearing after Mr. Lucas dropped the charges and recharged Plaintiff with threats. Using the same affidavit, he charged Plaintiff with a felony.

**11.** On August 11, 2004, Assistant United States Attorney, Michael Baker, changed the charge a third time this time to attempted threats.

**12.** Plaintiff will present evidence that on April 7, 2004, he was charged with Threatening To Injure/Kidnap a Person, in violation of 22 D.C. Code, Section 1810 (2001 ed.) this offense is a Felony.

**13.** Plaintiff will present evidence that on May 12, 2004, the charge was then changed to Threats, in violation of 22 D.C. Code, Section 407 (2001 ed.) this is a Misdemeanor. **Exhibit 6**

14. Plaintiff will present evidence that on August 11, 2004, the charge had changed to attempted threats to deprive Plaintiff of his right to a jury trial.

15. On August 12, 2004, Plaintiff was found guilty of attempted threats.

16. Plaintiff will present evidence and witness that will show that this trial was a conspiracy to deprive the Plaintiff of his rights.

17. On August 12, 2004, Judge Craig Iscoe, Superior Court of District of Columbia sentenced Plaintiff to 90 days E.S.S, 1 year supervised probation, 240 hours of community service, complete anger management class, and stay away from Mrs. Pearl Reardon and her husband. **Exhibit 7**

18. On September 10, 2004, Plaintiff filed an appeal in the District Court of Appeals. And on **Exhibit 8**

19. On September 23, 2004, Plaintiff's appeal was put on the courts dockets. **Exhibit 9**

20. On January 1, 2005, Superior Court Judge Craig Iscoe removed the Plaintiff's jacket from the Court of Appeals

21. On March 7, 2005, Plaintiff was informed that he did not have to report to his court ordered supervised probation. **Exhibit 10**

22. On March 15, 2005, Plaintiff filed suit on the District of Columbia, C.A. #05ca001888.

23. On August 9, 2005, four days before Plaintiff's sentence was to end. Plaintiff was order to come back before Judge Iscoe for violating his probation. At which time, Judge Iscoe informed Plaintiff that a mistake was made on his sentence and that he NUNC PRO TUNC the sentence.

24. Plaintiff will present evidence and witness.

8

a. That Judge Iscoe conspired with the Defendant's

b. That Judge Iscoe removed the Plaintiff's documents from the Court Appeals with out a motion.

c. that Judge Iscoe never NUNC PRO TUNC the Plaintiff's sentence. Until after Plaintiff filed suit on the Defendant.

**25.** On June 17, 2005, in an initial scheduling conference before Judge Frederick Weisberg, Superior Court of District of Columbia. The Defendant tried to have the complaint dismissed stating that they had not been served in time and that this case fell under double jeopardy. Plaintiff presented evidence that they had been served. Judge Weisberg ordered that the complaint be resent. On October 7, 2005, Plaintiff came back before Judge Weisberg at which time Judge Weisberg asked the Attorney for the District of Columbia had they filed a motion to defend. The Attorney for the District of Columbia stated no. Judge Weisberg asked why not? The Attorney for the District of Columbia stated that their office had not received the complaint a second time. Judge Weisberg asked the Attorney for the District of Columbia does, Judge Weisberg stated a name, work in your office. The Attorney for the District of Columbia stated yes. Judge Weisberg stated that you need to go and find the complaint. On October 11, 2005, Mr. Moment filed a Motion for Judgment by Default. On October 14, 2005, Judge Weisberg denied Plaintiff's motion. Judge Weisberg states in his order of October 14, 2005, "upon consideration of Plaintiff's motion for default judgment and the court having granted Defendants' motion for additional time to respond to the complaint in open court on October 7, 2005, it is this 14th day of October, 2005, Ordered that Plaintiff's motion for

default judgment be, and it hereby is, denied." On November 13, 2005, Mr. Moment filed a Motion to Compel and for Immediate Sanctions for Failure to Answer Complaint.

a. Plaintiff will present evidence that Judge Weisberg conspired with the Defendant's

b. Plaintiff will present evidence that on October 7, 2005, the Defendants did not motion for additional time.

**26.** Defendants state in their motion that On November 18' 2005, the District filed a Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment under D.C. Code § 12- 309. And that Judge Weisberg agreed with them and dismissed Plaintiff's complaint **with prejudice**.

a. Plaintiff will present evidence that not one of his motion where filed with the Superior Court. **Exhibit 11**

b. Plaintiff will present evidence that On December 20, 2005, Plaintiff's case had been transfer from Judge Weisberg to Judge Judith E. Retchin. See also **Exhibit 11**

c. Plaintiff will present evidence Judge Weisberg had conspired with the Defendants and he dismissed the Plaintiff's complaint when he had no jurisdiction over the case. **Exhibit 12**

Now the Defendants are trying to use the same tactic to mislead the court by stating that Plaintiff's complaint was decided in Superior Court by Judge Frederick Weisberg on its merits. Just by the Defendant's filing false information in their Motion for Judgment and Dismissal is a violation in itself.

Under the United States Code, Title 42, Subchapter, Section 1983. Civil action for deprivation of rights.

10

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Under U.S.C. Title 18 chapter 47 § 1001 Statements or entries generally

[(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title or imprisoned not more than 5 years, or both.

(b) Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

**(c)** With respect to any matter within the jurisdiction of the legislative branch, subsection (a) shall apply only to—

**(1)** administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch; or

**(2)** any investigation or review, conducted pursuant to the authority of any committee, subcommittee, commission or office of the Congress,

Under U.S.C. Title 18 chapter 47 § 1018 consistent with applicable rules of the House or Senate.

[Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both.]

Under U.S.C. Title 42 chapter 21 § 1985 Conspiracy to interfere with civil rights

(3) Depriving persons of rights or privileges If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or

threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Under U.S.C. 42, chapter 21 §1988. Proceeding in vindication of civil rights.

a. Applicability of statutory and common law The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

b. Under U.S.C. Title 42 Chapter 21 § 2000h Criminal contempt proceeding: trial by jury, criminal practice, penalties, exceptions, intent; civil contempt proceedings.

In any proceeding for criminal contempt arising under title II, III, IV, V, VI, or VII of this Act, the accused, upon demand therefore, shall be entitled to a trial by jury, which shall conform as near as may be to the practice in criminal cases. Upon conviction, the accused shall not be fined more than $1,000 or imprisoned for more than six months. This section shall not apply to contempt's committed in the presence of the court, or so near thereto as to obstruct the administration of justice, nor to the misbehavior, misconduct, or disobedience of any officer of the court in respect to writs, orders, or process of the court. No person shall be convicted of criminal contempt hereunder unless the act or omission constituting such contempt shall have been intentional, as required in other cases of criminal contempt. Nor shall anything herein be construed to deprive courts of their power, by civil contempt proceedings, without a jury, to secure compliance with or to prevent obstruction of, as distinguished from punishment for violations of, any lawful writ, process, order, rule, decree, or command of the court in accordance with the prevailing usages of law and equity, including the power of detention.

For the following acts of the Defendants, Plaintiff is seeking in relief of $150,000,000.00 million dollars for the defendants' actions constitute a willful and knowing violation and depravation of rights secured by the Constitution of the United States in violation of 42 U.S.C., Section 1983, specifically, the rights to be free from excessive and unreasonable action; the depravation of liberty without due process of law; the right to equal protection of the laws.

    1. Violation of Plaintiff's First, Fourth, Sixth and Fourteenth Amendment.

2. False Arrest without probable cause

3. False imprisonment

4. Conspiracy to commit those federal civil rights violations

5. Malicious Prosecution under state tort law

6. Emotional Distress

7. Abuse of process

8. Failure of Judges to uphold there oath that they swear or affirm to

9. Retaliation

10. Filing False Documents

11. Abuse of Power

12. Neglects

13. Malice

14. Corruption

15. Violation of Due Process of the Defendants failing to perform their duties under the oaths they took.

## CONCLUSION

The Defendants state in there motion that the Mayor and Corporation Counsel should be removed from the dismissed for this action. The Mayor and Corporation Counsel are the administrative and executive of the District of Columbia and were notified of the violation. Yet they chose to sit back and do nothing. Now, they ask the court for immunity under U.S.C. Title 42, Sec. 1983. " Every person who, having knowledge that any of the wrongs are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuse so to do shall be liable.

EVERY PERSON SHALL BE LIABLE FOR ALL DAMAGES. NO EXCLUSION FOR JUDGES BY ANY ACT OF CONGRESS."

Hafer v. Melo, 112 S.Ct. 358 (1991)

The Defendants used statue and local laws to commit the violation and under U.S.C. Title 42, Sec. 1983.is established Laverne v. Corning, 316 F. Supp. 629 (D.C. N.Y. 1970) Therefore Plaintiff have been unlawfully denied and deprived of Constitutionally Rights for no reason. Plaintiff has a number of fact and law issues that must be put before a jury. Defendants are guilty of violating Plaintiff's constitutionally protected rights pursuant to U.S.C. Title 18, Chapter 13 § 241 Conspiracy and 242 Deprivation of rights under color of law. Plaintiff seeks damages from the Defendants on the basis of their criminal actions and seeks that they also be charged and indicted for their crimes.

**WHEREFORE,** the premises considered the Plaintiff requests that this Honorable Court, to Deny Defendants Motions.

                                             Michael Moment, Pro Se
                                             P.O. Box 5298
                                             Hyattsville, Maryland, 20782-0298
                                             (240) 832-7906

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2006, a copy of the foregoing was sent, by first class mail, postage prepaid, to Defendant's. Attorney General for the District of Columbia at 441 4th Street, NW Washington, DC 20001 and Mayor Anthony A. Williams at 1356 Pennsylvania Ave., NW Washington, DC 20004.

Michael Moment