UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL MOMENT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2470 (RWR) |
| DISTRICT OF COLUMBIA, et al., | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Pro se plaintiff Michael Moment brought an action against defendants the District of Columbia ("the District"), then-Mayor Anthony Williams and the Attorney General for the District of Columbia,[1] alleging violations of his constitutional rights, among other things. The defendants have moved to vacate the entry of default against them and for judgment on the pleadings, or in the alternative, summary judgment. Because the defendants have shown good cause to vacate the entry of default and the doctrine of *res judicata*, or claim preclusion, bars Moment's claims, defendants' motions to vacate and for judgment on the pleadings will be granted.

BACKGROUND

On March 15, 2005, Moment filed a complaint against the District, Mayor Williams and the Attorney General in the Superior

---

[1] The Attorney General previously bore the title of Corporation Counsel.

- 2 -

Court for the District of Columbia ("Superior Court") alleging that the actions of the Metropolitan Police Department ("MPD") violated his constitutional rights and other local and federal statutes and rules.  He claims that MPD officers and other District officials harassed him and accused him of engaging in threatening behavior against his mother-in-law.  On January 12, 2006, the Superior Court dismissed Moment's claim with prejudice for failure to satisfy D.C. Code § 12-309[2] as to his non-constitutional claims and failure to sufficiently plead municipal liability as to his constitutional claims.  (See Defs.' Mot. for J. on Pleadings, Ex. 2 at 1.)

On December 29, 2005, prior to the Superior Court's ruling, Moment filed the instant complaint against the same defendants[3] claiming essentially the same constitutional and statutory violations and averring the same facts that he had previously stated in his Superior Court complaint.  However, in his more

---

[2] D.C. Code §12-309 provides in relevant part that "[a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage."

[3] Because Moment sued Mayor Williams in his official capacity and "an official-capacity suit is . . . to be treated as a suit against the entity[,]" Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Atchinson v. Dist. of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996), Moment's claims against Mayor Williams are duplicative of the claims against the District and will be dismissed.

- 3 -

extensive federal court complaint, Moment provided new information about his attempts to appeal his conviction for attempted threats and his civil suit against his attorney. (See Compl. at 5-9.) Following Moment's successful request for an entry of default against the defendants, the defendants moved to vacate the entry of default claiming inadequate service of process and an inadvertent scheduling mistake. The defendants also filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) arguing that Moment's claims are barred by *res judicata*.

## DISCUSSION

I.   MOTION TO VACATE ENTRY OF DEFAULT

Default may be vacated "for good cause shown" under Fed. R. Civ. P. 55(c). Because "strong policies favor resolution of disputes on their merits[,] . . . on a motion for relief from the entry of default[,] . . . all doubts are resolved in favor of the party seeking relief." Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980). A court should consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious" in determining whether to set-aside an entry of default. Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980).

First, it is not clear that the defendants willfully defaulted. Defendants' counsel claims that due to an inadvertent

- 4 -

scheduling error, she failed to calendar the correct response date.[4]  Moment retorts that the defendants were well aware of the complaint (Pl.'s Mot. to Deny Defs.' Mot. to Vacate Default and Summ. J. ("Pl.'s Opp'n") at 3), but provides no evidence to support his claim.  Because there is no evidence that the defendants "acted with wanton or willful disregard for [their] legal responsibilities[,]" Lawton v. Rep. of Iraq, Civ. Action No. 02-474, 2006 WL 3876287, at *3 (D.D.C. Dec. 6, 2006) (internal quotations omitted), defendants' default has not been shown to be willful.

Further, Moment does not allege or show that he was prejudiced by defendants' untimely filing.  Although almost two months elapsed between when the defendants were required to respond and when they did respond, such a delay in resolving the case on its merits does not constitute prejudice.  See Keegel, 627 F.2d at 374 ("That setting aside the default would delay satisfaction of plaintiffs' claims, should plaintiffs succeed at trial, is insufficient to require affirmance of the denial.") Finally, a defendant's allegations are meritorious if "they

---

[4]  Prior opinions in this district have noted that the "'boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable.'"  Guthery v. United States, Civ. Action No. 06-176, 2007 WL 259940, at *2 n.2 (D.D.C. Jan. 30, 2007) (quoting Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003)).

- 5 -

contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." Id. (internal quotations omitted). Defendants' argument that Moment's claim is barred by *res judicata* due to a prior adjudication on the merits is sufficiently meritorious as is explained below. Because default was not willful, Moment has not alleged or shown prejudice and defendants' assertion that Moment's lawsuit is precluded by *res judicata* is meritorious, the defendants' motion to vacate entry of default will be granted.

II.  MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings under Rule 12(c) should be analyzed in the same manner as is a motion to dismiss under Rule 12(b)(6). Dale v. Exec. Office of the President, 164 F. Supp. 2d 22, 24 (D.D.C. 2001) (quoting 2 Moore's Federal Practice 3d § 12.38, 12-101 ("In fact, any distinction between them is merely semantic because the same standard applies to motions made under either subsection.")). A Rule 12(c) motion "should not be granted unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Beverly Enters., Inc. v. Herman, 50 F. Supp. 2d 7, 11 (D.D.C. 1999) (internal citations omitted). As in the case of a motion to dismiss, the court should accept the nonmovant's allegations as true and view the alleged facts in the light most

- 6 -

favorable to the nonmoving party.[5]  Dale, 164 F. Supp. 2d at 24. However, a complaint may be dismissed when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Egilman v. Keller & Hechman, LLP, 401 F. Supp. 2d 105, 109 (D.D.C. 2005) ("Where the pleadings present disputed questions of material fact, the movant's motion for judgment on the pleadings must be denied.")

"Since claim preclusion is an affirmative defense, the burden is on the party asserting it to prove all of the elements necessary for its application."  Evans v. Chase Manhattan Mortgage Corp., Civ. Action No. 04-2185, 2006 WL 785399, at * 3 (D.D.C. Mar. 27, 2006) (internal quotation omitted).  Determining whether a claim should be precluded under the doctrine of *res judicata* requires considering whether the prior litigation (1) involves the same claims or cause of action, (2) was between the same parties or their privies, and (3) involved a final valid judgment on the merits by (4) a court of competent jurisdiction. Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)).  "Generally, the doctrine of claim

---

[5]   This is particularly true where, as here, the plaintiff is proceeding pro se.  See Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (noting that pro se complaints are to be held to less stringent standards than are those drafted by lawyers).

- 7 -

preclusion prevents claims between the same parties or their privies from being relitigated after a final judgment has been rendered in a prior suit." Jane Does I through III v. Dist. of Columbia, 238 F. Supp. 2d 212, 217 (D.D.C. 2002) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001)). The issue of finality not only goes to matters that have been previously litigated but also "to any other admissible matter which might have been offered for that purpose." Nevada v. United States, 463 U.S. 110, 129 (1983) (internal citation omitted).

Here, it is clear that Moment's cause of action was previously litigated in a prior adjudication. Identical causes of action implicate the same nucleus of operative facts; "it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal citation omitted); see also Drake v. Fed. Aviation Admin., 291 F.3d 59, 66 (D.C. Cir. 2002). A determination about whether two causes of action involve the same operative facts is based upon "'whether the facts are related in time, space, origin, or motivation . . . .'" Apotex, Inc. v. Food & Drug Admin., 393 F.3d 210, 217 (D.C. Cir. 2004) (quoting I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 949 n.5 (D.C. Cir. 1983)).

- 8 -

In both his complaints, Moment alleges that following a phone call by his mother-in-law to MPD claiming harassment, various law enforcement officials violated his civil and constitutional rights.  (See Defs.' Mot. for J. on Pleadings, Ex. 1 at 3-4; Pl.'s Compl. at 3-5.)  Although Moment states additional facts in his federal complaint about his experience in Superior Court and the disposition of that complaint (see Compl. at 5-9), both complaints arise from the same transaction, specifically MPD's initial charge of harassment and Moment's resulting conviction.  Moreover, the two actions seem animated by a similar motivation to recover multi-million dollar damages –- $100,000,000 in his Superior Court complaint and $150,000,000 in his district court complaint.  Cf. Jane Does I through III, 238 F. Supp. 2d at 218 (finding no similarity of causes of action where the motivation of the lawsuits was different –- one seeking systemic reform and the other seeking money damages).

Moment has also filed both actions against the same defendants -– the District of Columbia, Mayor Williams and the Attorney General.  Given that "claim preclusion will apply to bar relitigation of a plaintiff's claims if there is an identity between the parties in each suit[,]" Hafezi v. Construction & Dev., Inc., Civ. Action No. 04-2198, 2006 WL 1000339, at * 6 (D.D.C. Apr. 14, 2006), and Moment's allegations in his current complaint are identical to those made in his Superior Court

- 9 -

complaint, the defendants have demonstrated that there was an identity of parties for *res judicata* purposes.

Finally, the moving party must also establish a final ruling by a court of competent jurisdiction on the merits. Polsby v. Thompson, 201 F. Supp. 2d 45, 48 (D.D.C. 2002).  Moment does not contest that the Superior Court is a court of competent jurisdiction.  See Lee v. Bradford, Civ. Action No. 05-1450, 2006 WL 2520614, at *2 (D.D.C. Aug. 30, 2006) (noting that a dismissal in Superior Court for failure to state a claim in a complaint alleging deprivation of constitutional rights was a final judgment on the merits by a court of competent jurisdiction). Additionally, the dismissal of Moment's Superior Court complaint with prejudice constituted a final judgment on the merits.  The Superior Court dismissed Moment's non-constitutional claims for failure to satisfy D.C. Code § 12-309 and his constitutional claims for failure to sufficiently plead municipal liability under 42 U.S.C. § 1983. (See Defs.' Mot. for J. on Pleadings, Ex. 2 at 1.)  Because a dismissal based on a failure to satisfy § 12-309 is a final adjudication on the merits, Group Health Ass'n, Inc. v. Dist. of Columbia Gen. Hosp., 540 A.2d 1104, 1106 (D.C. 1988), and a determination that a complaint fails to state a claim of municipal liability for deprivation of constitutional rights is also made on the merits, see Lee, 2006 WL 2520614, at

- 10 -

*2, the defendants have met the third and fourth prongs of the *res judicata* analysis.

Moment also asserts violations of certain local and federal statutes and rules which he did not raise in his Superior Court complaint. However, *res judicata* bars not only the relitigation of claims that were previously raised, but also that "*could have been raised* in that action." Apotex, 393 F.3d at 218 (quoting Drake, 291 F.3d at 66). Although some of the facts alleged in Moment's complaint concern events that transpired after his Superior Court action, including his conviction and his action against his attorney, they are not material to the violations for which he requests relief. At best, Moment provides a new legal theory in which he argues that judicial and legal officers infringed upon additional rights. Simply raising a new legal theory without citing to new claims based on new facts or a change in controlling law does not "overcome the effects of *res judicata*." Apotex, 393 F.3d at 218.

The defendants have shown that Moment's current claims are the same that were previously asserted and adjudicated in his prior Superior Court litigation.[6] Therefore, defendants' motion

---

[6] Indeed, Moment never rebuts the defendants' assertion that *res judicata* bars his claims. He admits that his complaint in Superior Court was dismissed with prejudice (see Pl.'s Opp'n at 10), and although he argues that the defendants seek to "mislead the court by stating that Plaintiff's complaint was decided in Superior Court on its merits," he does not suggest or show that the dismissal was based upon any grounds other than the merits of

- 11 -

for judgment on the pleadings will be granted and plaintiff's complaint will be dismissed.

CONCLUSION

Because the defendants have established good cause to vacate the clerk's entry of default and because Moment's claims are barred under the doctrine of *res judicata*, the entry of default will be vacated and judgment on Moment's complaint will be entered in favor of the defendants.  A separate Order accompanies this Memorandum Opinion.

SIGNED this 20th day of March, 2007.

```
           /s/
RICHARD W. ROBERTS
United States District Judge
```

---

his complaint, such as lack of personal jurisdiction or lack of service.